**CLIMATE ENGINEERING COMPANY,**
Appellant,

v.

**MERCHANTS FAST MOTOR
LINES, INC., Appellee.**

No. 11772.

Court of Civil Appeals of Texas,
Austin.

Oct. 21, 1970.

Rehearing Denied Nov. 18, 1970.

Wilson, Logan, Lear & Massey, Richard Edwards, San Angelo, for appellant.

Hardeman, Smith & Kever, Justin A. Kever, San Angelo, for appellee.

HUGHES, Justice.

Climate Engineering Company, appellant, sued Merchants Fast Motor Lines, Inc., appellee, to recover the sum of $603.89 alleged to be the value of certain merchandise which appellant had ordered from Westinghouse Electric Corporation, it being alleged that such merchandise was delivered to appellee in good condition and that appellee agreed to deliver such merchandise to appellant in San Angelo, Texas, as shown by its freight bill " * * * No. 7057677, a copy of which is attached hereto and made a part of this petition." [1]

Appellee answered this petition with a general denial and by specially pleading that "it delivered to Plaintiff all items of freight received by it in connection with such shipment and that Defendant did not receive any other items of freight in connection therewith * * *" In the alternative appellee alleged "that the matters alleged in Plaintiff's petition were presented to Republic Car Loading and Distributing Company, Inc." and such claims

---

1. No copy of this freight bill appears attached to Plaintiff's Second Amended Original Petition, the trial petition, although it was attached to its First Amended Original Petition.

were refused by it "for the reason that claim in writing was not filed by Plaintiff within the period of nine months allowed by law" and similarly that no such claim was filed by appellant with appellee within nine months after the time for delivery.[2]

No exception to any of the pleadings was made.

The case was tried to a jury which found (a) the claim of appellant was filed with appellee within nine months after allowing a reasonable time for delivery of the non-delivered items (b) the wholesale value of these items was $603.89 (c) that appellee did not receive the items involved for delivery to appellant (d) appellee did not deliver such items to appellant.

Appellant moved for judgment on the verdict.

Appellee moved for judgment also on the ground that there was no finding that the merchandise had been delivered "to the carrier for shipment to Plaintiff" as alleged.

The Trial Court granted the motion of the carrier and rendered judgment that appellant take nothing by its suit.

Appellant filed a motion for new trial on the ground that the Court erred in denying recovery for the reason that there was no finding that the merchandise had been delivered to the original carrier for delivery to appellant. This motion was overruled.

The record shows that appellee made a motion for summary judgment in which it alleged, "My name is JACK B. WAIDE and I reside in San Angelo, Tom Green County, Texas. I am manager of Merchants Fast Motor Lines, Inc. and was serving in that capacity on January 27, 1968, and continuously since that date. In January, 1968, Defendant was operating its business as a common carrier and received three cartons of freight under a bill of lading issued by Republic Car Loading and Distributing Company, Inc. naming Climate Engr. Co., 2323 Rio Grande, San Angelo, Texas, as consignee and Defendant delivered said three cartons of freight to Plaintiff in San Angelo, Texas, on January 27, 1968. Defendant did not receive any other items of freight under said bill of lading, other than the three cartons so delivered to Plaintiff. Said bill of lading provides as a condition precedent that any claim for loss or damage of items of freight covered thereby shall be filed in writing with the carrier within nine (9) months from said delivery date, and no such claim was filed by Plaintiff within nine (9) months from January 27, 1968, and no such claim was filed by Plaintiff until November 22, 1968. After a claim was finally filed by Plaintiff on November 22, 1968, the same was forwarded on to Republic Car Loading and Distributing Co., Inc. and was disallowed for the reason that the claim was not filed within nine (9) months from the date delivery was made on January 27, 1968."

Appellant replied to this Motion and alleged facts, supported by affidavit, to the effect that its claim was timely filed. It concluded that " * * * there is a material issue of fact which must be tried * * * "

The Trial Court overruled appellee's motion for summary judgment and after reciting a consideration of the various matters stated " * * * that there exists a material issue of fact which should be tried * * * "

While this order does not comply with the letter of Rule 166–A(d), Texas Rules of Civil Procedure, it is obvious that the only issue of fact which the Trial Court had in mind was the issue as to the timely filing of appellant's claim. It is obvious from reading the statement of facts that the parties tried this case on the theory that this was the only issue in dispute. The statement of facts reveals that there is no dispute about any other matter necessary

---

2. This nine month provision is authorized by Federal law for common carriers engaging in interstate commerce. 49 U.S.C.A., Sec. 20(11).

to be established to authorize a recovery by appellant.

The record conclusively shows that appellant paid Westinghouse for the merchandise which it did not receive, and the amount, and it shows that appellant paid appellee all the freight charges, even the charges on the items it did not receive.

There was introduced in evidence a freight bill with notations on it by appellee showing that it received only three out of the eight items called for from Republic Car Loading and Distributing Company, Inc., the original carrier and that the shipper was Westinghouse Electric Corporation of New Jersey and the consignee was appellant in San Angelo, Texas.

There was also in evidence a claim filed by appellant with appellee which was prepared by an agent for appellee and signed by him as a witness which showed that the shipper of the merchandise was Westinghouse and that the shipment originated in New Jersey and that the connecting Line Carrier was "Republic" giving an identification number corresponding with the number shown on the freight bill mentioned above.

There was oral testimony that this shipment crossed state lines.

We sustain appellant's point to the effect that the Trial Court erred in rendering judgment for appellee and in not rendering judgment for appellant.

We overrule appellee's counter points which are that appellant's motion for a new trial was too vague and general to warrant consideration and that the jury findings would not support a judgment for appellant.

Appellant was not required to file a motion for new trial. It is an appellant who is complaining of the action of the Trial Court in overruling its motion for judgment on the verdict. Rule 324, T.R. C.P.

The findings of the jury do, in our opinion, support judgment for appellant if, as we believe the Trial Court should have done, the finding that appellee had never received the merchandise in question for delivery to appellant be disregarded. It is uncontroverted that appellee did not receive this merchandise from the original carrier.

Liability of appellee is predicated on it being a common carrier and this being an interstate shipment. See Title 49 U.S.C.A., Sec. 20, par. (11).

Appellee does not question its liability if these facts were properly pleaded and proved.

The terms "common carrier by motor vehicle" and "interstate commerce" are defined by Federal law. See 49 U.S.C.A., Sec. 303(a), (14) and (10). The first term is defined as meaning "* * * any person which holds itself out to the general public to engage in the transportation by motor vehicle in interstate or foreign commerce of passengers or property of any class or classes thereof for compensation. * * *" We do not deem it necessary to quote the definition of interstate commerce. That this shipment crossed state lines is shown by the undisputed evidence.

We also believe that the evidence is undisputed that appellee and the original carrier were common carriers. The freight bill above mentioned clearly shows the interstate transportation of goods for compensation. Printed on this bill are these words, "Thanks for this opportunity to serve you. For the kind of service you want, when you want it, always Route Republic." We quote further from the freight bill: "THIS IS YOUR FREIGHT BILL ---------- newly designed to include a reproduction of the shipper's Bill of Lading with rates shown thereon. The charges are shown in block on the right of the freight bill * * *

This method of billing provides greater accuracy showing all the instructions and

date of the shipper. We are sure this information will be of help to you.

When remitting please furnish our freight bill number as shown in the upper right hand corner.

Thank you.

MERCHANTS FAST MOTOR LINES, INC.

Note: Maximum credit under government regulations is limited to 7 days."

In Vincent v. United States, D.C.Mun. App.1948, 58 A.2d 829, it is held that the words "holds itself out" in the statute defining "common carrier by motor vehicle" imply that carrier, in some way, makes known to prospective patrons the fact that its services are available. The freight bill clearly shows that Republic and Merchants, appellee, solicit business of the type shown i. e. the interstate transportation of goods for compensation.

As to the pleadings of appellant, they do not allege that appellee was or was not a common carrier engaging in interstate commerce. They do allege that appellee was a "motor carrier." They do not allege that the shipper was within or without the state. If the "freight bill" referred to in the pleading was actually attached to it any deficiency in the pleading in these respects would be alleviated. Rule 59, T.R. C.P. Regardless of this, we hold that the pleadings, in the absence of special exception, were broad enough to permit proof that appellee was a common carrier and that this was an interstate shipment. Appellee does not claim surprise by this proof and it is inconceivable that it could be surprised thereby.[3]

The pleading that this merchandise was delivered to appellee was an unnecessary allegation and failure to prove it does not affect appellee's liability. Such plead-

ing and the jury finding respecting it should have been disregarded by the Trial Court.

The judgment of the Trial Court is reversed and judgment is here rendered for appellant in the sum of $603.89 with interest thereon from November 13, 1969, at the rate of 6% per annum.

Reversed and rendered.

---

3. Examination of some of the cases under 49 U.S.C.A., Sec. 20(11) reveals great liberality in the construction of pleadings.