**CADILLAC INSURANCE COMPANY and Dun & Bradstreet Corporation, Appellants,**

v.

**L.P.C. DISTRIBUTING COMPANY INC., Marcelo Galvan Jr., Louis Herrera and Constancio Lara, Jr., Appellees.**

No. 04–88–00347–CV.

Court of Appeals of Texas, San Antonio.

May 3, 1989.

Rehearing Denied June 15, 1989.

Melvin A. Krenek and Melvin A. Krenek and Associates, San Antonio, for appellants.

Paul W. Green and Mandy Buskirk–Peeler, and Green & McReynolds, San Antonio, for appellees.

Before REEVES, CHAPA and CARR, JJ.

## OPINION

CHAPA, Justice.

This is an appeal from a default judgment granted in favor of appellees, L.P.C. Distributing Company, Inc. (employer), Marcelo Galvan, Jr. (employee), Louis Herrera (employee), and Constancio Lara, Jr. (employee) against appellants Cadillac Insurance Co. (principal) and Dun & Bradstreet Corporation (agent and plan administrator).

Appellees sued appellants seeking damages in connection with an alleged wrongful cancellation of appellees' employer group insurance contract. The trial court entered a default judgment after appellants failed to timely answer. Appellants timely filed a motion for new trial which was orally granted by the trial court. However, no signed order was entered, and the motion for new trial was overruled by operation of law. This appeal is by way of Writ of Error.

The dispositive issue is whether appellees' causes of action are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001–1461 (1982). TEX.R.APP.P. 90(a).

In *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965), Edgar sued and obtained service upon McKanna, a resident of California, by serving the Texas Secretary of State under the provision of TEX.REV. CIV.STAT.ANN. art. 2031b (Vernon 1954)[1]. Art. 2031b, however, authorized service upon the Texas Secretary of State when the non-resident defendant "does not maintain a place of regular business in [Texas] or a designated agent upon whom service may be had." Without alleging in his petition the defendant did not maintain a place of business or an agent for service in Texas, Edgar served the Secretary of

State nevertheless. McKanna failed to answer, and a default judgment was granted against him which he appealed by writ of error.

In reversing the judgment, the Texas Supreme Court announced the standard of appellate review, particularly concerning jurisdiction, when default judgments are attacked directly by writ of error:

Since McKanna's mode of review by way of writ of error in the Court of Civil Appeals constitutes a direct attack on the default judgment, the question to be decided is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court's judgment. *Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934 (1935); *Texaco Inc. v. McEwen*, 356 S.W.2d 809 (Tex.Civ. App.1962, writ ref'd n.r.e.); *Doak v. Biggs*, 235 S.W. 957 (Tex.Civ.App.1921, no writ).

\*       \*       \*       \*       \*       \*

The Court of Civil Appeals, in its opinion, leaned heavily on its conclusion that "a legitimate inference might be drawn from the petition that appellee did not maintain a place of regular business in Texas or a designated agent for service," *citing Kelley v. First Nat'l Bank*, 270 S.W.2d 644, 646–647 (Tex.Civ.App.1954, no writ). That case is distinguishable because the question before the court was whether the petition stated a cause of action which would support a default judgment. The court construed the pleadings in favor of the pleader in order to determine whether there was a cause of action alleged. *This rule does not apply with respect to jurisdictional facts. While ordinarily presumptions are made in support of a judgment* (including presumptions of due service of citation when the judgment so recites), *no such presumptions are made in a direct attack upon a default judgment.* (Emphasis added) *See Flynt v. City of Kingsville* 125 Tex. 510, 82 S.W.2d 934 (1935). We think the same rule would apply to inferences of jurisdictional facts

1. Repealed, now TEX.CIV.PRAC. & REM.CODE § 17.001 *et. seq.* (Vernon 1986).

in a direct attack. *Cf. Walker v. Koger*, 99 S.W.2d 1034 (Tex.Civ.App.1936, wr. dism.); *National Cereal Co. v. Earnest*, 87 S.W. 734 (Tex.Civ.App.1905, no writ). As noted above, jurisdiction in this type of case must affirmatively appear on the face of the record. The provisions of Article 2031b are clear, and plaintiff has the burden of making sufficient allegations to bring the defendant within its provisions. *Cf. Sgitcovich v. Sgitcovich*, 150 Tex. 398, 241 S.W.2d 142 (1951); *Steele v. Caldwell*, 158 S.W.2d 867 (Tex. Civ.App.1942, no writ); *Parker v. Scobee*, 36 S.W.2d 303 (Tex.Civ.App.1931, no writ). We find nothing in the record that compels the inference that McKanna had neither a place of regular business nor a designated agent in this State. [Reversed and Remanded]

*McKanna, supra*, at 928–930.

In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the United States Supreme Court summarized the pre-emption provisions of ERISA, stating:

ERISA comprehensively regulates, among other things, employee welfare benefit plans that, "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability or death. § 3(1), 29 U.S. C. § 1002(1).

Congress capped off the massive undertaking of ERISA with three provisions relating to the pre-emptive effect of the federal legislation:

"Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." § 514(1), as set forth in 29 U.S.C. § 1144(a) (pre-emption clause).

Except as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." § 514(b)(2)(A), as set forth in 29 U.S.C. § 1144(b)(2)(A) (saving clause).

Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies." Section 5144(b)(2)(B), 29 U.S.C. § 1144(b)(2)(B) (deemer clause).

To summarize the pure mechanics of the provisions quoted above: If a state law "relate[s] to ... employee benefit plan[s]," it is pre-empted. § 514(a). The saving clause excepts from the pre-emption clause laws that "regulate[s] insurance." § 514(a). The deemer clause makes clear that a state law that "purport[s] to regulate insurance" cannot deem an employee benefit plan to be an insurance company. § 514(b)(2)(B).

Appellees' pleadings here alleged common and statutory causes of action under state law for: 1) violation of § 17.46 TEX. BUS. & COMM.CODE (DTPA); 2) violation of art. 21.21, TEX.INS.CODE; and 3) breach of duty of good faith and fair dealings. Appellees' pleadings did not attempt to assert any cause of action under ERISA, 29 U.S.C. § 1144 (1985). However, appellees' pleadings clearly allege that the claims here relate to a employee insurance benefit plan for the benefit of the employees (29 U.S.C. § 1002(1)); that the plan was established and maintained by L.P.C. (employer) who was engaged in commerce (29 U.S.C. § 1003(a)); and the designated plan administrator was appellee Dun & Bradstreet (29 U.S.C. § 1002(16) and 1102(a)). Thus, on the face of the pleadings, appellees' claims are preempted unless they fall within the savings clause of ERISA (29 U.S.C. § 1144(b)(2)(A)). Appellees pleadings however, do not invoke the ERISA savings clause (29 U.S.C. § 1144(b)(2)(A)). Appellants therefore, claim that subject

matter jurisdiction is lacking on the face of the record and that they are entitled to their relief. We agree.

As in *McKanna, supra,* under these circumstances, it was appellees' burden to make sufficient allegations in their pleadings to invoke the exceptions found in the ERISA saving clause (29 U.S.C. § 1144(b)(2)(A)) to confer jurisdiction of the state law claims alleged. Because they failed to do so, subject matter jurisdiction was not conferred on the face of the record.

Appellees concede that their pleadings do not allege ERISA causes of action, but argue that appellants' contention that ERISA pre-empted their state law claims was an affirmative defense and was waived because it was unplead. We disagree.

The ERISA pre-emption provisions are to be broadly construed. *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). In *Gorman v. Life Ins. Co. of North America,* 752 S.W.2d 710 (Tex.App.—Houston [1st Dist.] 1988, no writ), the court stated:

> Appellants argue that Tenneco and Luna waived ERISA pre-emption by failing to raise it as an affirmative defense. A claim of federal pre-emption is a challenge to the court's subject matter jurisdiction and cannot be waived. *International Longshoreman's Ass'n v. Davis,* 476 U.S. 380, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986); *Barry v. Dymo Graphis Sys., Inc.,* 394 Mass. 830, 478 N.E.2d 707 (1985).

*Id.* at 713.

Appellants further rely on *Gorman* for the contention the ERISA statute provides for concurrent jurisdiction of the state and federal courts.

We agree that concurrent jurisdiction is provided for by ERISA when the ERISA actions are "brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify the rights to future benefits under the terms of this plan." (29 U.S.C. § 1132(a)(1)(B)). However, these provisions pertain to action under the federal

ERISA statute, and do not preclude preemption of claims made under state law unless the "savings clause" applies. (29 U.S.C. § 1144(b)(2)(A)). This was recognized in *Gorman,* which is relied upon here by appellants. In *Gorman,* the court concluded, "the court below lacked jurisdiction of appellant's state law claims ..." *Gorman, supra* at 714.

Appellees here have repeatedly insisted before this court that their causes of action were not under ERISA, but were state law causes of action. Subject matter jurisdiction was required, regardless of the concurrent jurisdiction provisions of ERISA, and appellees' pleadings were insufficient to confer it. *MaKanna, supra.*

Further, it is well settled that when a claim in the state court relates to an employee benefit plan that falls under ERISA, the specific causes of action alleged here by appellees are preempted in favor of claims under applicable federal law (29 U.S.C. § 1144(a)). *Cathey v. Metropolitan Life Ins. Co.,* 764 S.W.2d 286 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Gorman v. Life Ins. Co. of North America,* 752 S.W.2d 710 (Tex.App.—Houston [1st Dist.] 1988, no writ); *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1087); *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 740–41, 105 S.Ct. 2380, 2389–90, 85 L.Ed.2d 728 (1985).

Appellees finally contend that appellants' preemption complaint fails because the face of the record does not disclose that L.P.C. (employer) was engaged "in commerce or in any industry or activity affecting commerce." (29 U.S.C. 1003(a)(1)). We disagree.

ERISA defines "commerce" as meaning "trade, traffic, commerce, transportation, or communication between any State and any place outside thereof." (29 U.S.C.A. § 1002(11)). It also defines "industry or activity affecting commerce" as meaning "any activity, business, or industry in commerce or in which a labor dispute would hinder or obstruct commerce or the free flow of commerce, and includes any activi-

ty or industry affecting commerce" within the meaning of the Labor Management Relations Act, 1947 [29 U.S.C.A. § 141 *et seq.*] or the Railway Labor Act [45 U.S.C.A. § 151 *et seq.*]." (29 U.S.C. § 1002(12)).

The United States Supreme Court embraced the concept that the ERISA preemption provision should be construed broadly, stating:

> "ERISA authors clearly meant to preclude the states from avoiding through form the substance of the pre-emption provisions."

*Alessi v. Raybestos-Manhattan, Inc.,* supra, 451 U.S. at 525, 101 S.Ct. at 1907, 68 L.Ed.2d at 418. *See Gorman,* supra at 713. Including insurance within the meaning of "commerce," the United States Supreme Court further stated:

> Whatever other meaning "commerce" may have included in 1787, the dictionaries, encyclopedias, and other books of the period show that it included trade: business in which persons bought and sold, bargained and contracted. [Footnote excluded] And this meaning has persisted to modern times.

*United States v. South Eastern Underwriters Assoc.* (1943), 322 U.S. 533, 539, 64 S.Ct. 1162, 1163, 88 L.Ed. 1440, 1449.

Further, the Austin Court of Appeals has given broad interpretation to pleadings with regard to whether a party was engaged in interstate commerce. *Climate Eng. Co. v. Merchants Fast Motor Lines, Inc.,* 459 S.W.2d 695, 698 (Tex.App.—Austin, 1970, no writ).

Appellee's pleadings here alleged that L.P.C. (employer) was a distributing company of Texas, that L.P.C. contracted for medical insurance for the benefit of its employees with Cadillac Insurance Company of Michigan, that the insurance contract provided that Dun & Bradstreet of Delaware would be the plan administrator, that extensive mail and telephone communication transpired between the parties during the period, and that the said communications resulted in the cancellation of the insurance contract which formed the basis for all of the causes of action. Considering this record in light of the applicable stan-

dards, we hold that it sufficiently establishes that L.P.C. was engaged in commerce or an industry or activity affecting commerce. (29 U.S.C. § 1003(a)(1)).

The judgment is reversed and the cause is dismissed for lack of subject matter jurisdiction.