**Virginia E. KEIFER, Appellant,**

v.

**SPRING SHADOWS GLEN, a Division of Memorial City Medical Center, Appellee.**

No. 01–95–00285–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 10, 1996.

Rehearing Overruled Dec. 9, 1996.

---

Tom Coleman, Houston, for appellant.

Ann Moore, John A. Laboon, Robert Arrendondo, Houston, for appellee.

Before MIRABAL, HUTSON-DUNN and WILSON, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a summary judgment in favor of Spring Shadows Glen, A Division of Memorial City Medical Center, based on federal preemption under ERISA.[1] We reverse and remand.

Virginia Keifer brought a personal injury action based on negligence against her employer, Spring Shadows Glen, for injuries she sustained on June 3, 1992, while reaching for a heavy binder that was stored on top of a high bookshelf. In order to reach the binder, which she needed to perform her duties as an employee of Spring Shadows Glen, Keifer had to stand on her tiptoes and ease the book off the shelf until it fell into her hand. When it fell and she attempted to catch it, she sustained severe injuries to her shoulder that required surgery and therapy. Keifer was 67 years old at the time. She alleges that her employer was negligent in failing to provide a safe place to work by having heavy books and objects stored in an inaccessible and difficult location, preventing easy access. She further alleges negligence in failing to provide the necessary tools and

1. The Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sections 1001– 1461 (1985 & Supp.1991).

implements for the safe performance of required work, in that her employer failed to have a step stool or other means for retrieving heavy objects safely off high shelves.

Spring Shadows Glen is a non-subscriber under the Texas Worker's Compensation Act; its employees are instead covered by an employee safety and benefit plan pursuant to ERISA. In a motion for summary judgment, Spring Shadows Glen asserted as its sole ground for relief that it cannot be held liable for negligence because the cause of action is preempted by ERISA, and the affirmative defense of preemption entitles it to a judgment as a matter of law. The trial court granted the motion.

■ Keifer asserts in two points of error that summary judgment was improperly granted because ERISA does not preempt her common law negligence claims.

The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ If a defendant moves for summary judgment based on an affirmative defense, the defendant's burden is to prove conclusively all the elements of the affirmative defense as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). Unless the movant conclusively establishes the affirmative defense, the non-movant plaintiff has no burden in response to a motion for summary judgment filed on the basis of an affirmative defense. *Torres v. Western Casualty & Sur. Co.*, 457 S.W.2d 50, 52 (Tex. 1970). A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control & Improvement Dist. No. 50*, 683 S.W.2d 863, 867 (Tex. App.—Houston [14th Dist.] 1984, no writ).

■ Section 514(a) of ERISA, 29 U.S.C. section 1144(a), expressly provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan described in section 4(a) and not exempt under section 4(b)." (Emphasis added.) The United States Supreme Court has established that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). The Court further stated that its interpretation of "relate to" effectuates the "deliberately expansive" language chosen by Congress "to establish pension plan regulation as an exclusive federal concern." *District of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125, 129, 113 S.Ct. 580, 583, 121 L.Ed.2d 513 (1992)(quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987)). Thus, ERISA preempts any state law that refers to or has a connection with an ERISA plan even if that law (i) is not specifically designed to affect such plans, *Shaw*, 463 U.S. at 98, 103 S.Ct. at 2900, (ii) affects such plans only indirectly, *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 525, 101 S.Ct. 1895, 1907, 68 L.Ed.2d 402 (1981), or (iii) is consistent with ERISA's substantive requirements, *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2388, 85 L.Ed.2d 728 (1985).

But as broad as ERISA's preemptive scope has been stated to be, it has its limits. The Supreme Court noted in *Shaw* that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. According to *Shaw*, ERISA's preemptive scope, though broad, remains subject to the traditional principle of federalism. The determination of ERISA's preemptive scope "must be guided by respect for the separate spheres of governmental authority preserved in our federalist system." *Alessi*, 451 U.S. at 522, 101 S.Ct. at 1905.

The Fifth Circuit has devised a two-prong test to aid in the preemption inquiry. Preemption of a state law claim exists if "(1) the claim addresses areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, and (2) the claim directly affects the relationship among the traditional ERISA entities (*i.e.*, plan administrators/fiduciaries and plan participants/beneficiaries)." *Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir.1994); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir.1990); *see also Sommers Drug Stores Co. v. Corrigan Enter., Inc.*, 793 F.2d 1456, 1467-68 (5th Cir. 1986). Applying the two-prong test, the court in *Hook* held that "[a] common law negligence suit against [an employer], which alleges only that [the employer] maintained an unsafe work place, does not 'relate to' [the employer's] ERISA plan and therefore is not preempted by ERISA." *Hook*, 38 F.3d at 786; *see also Texas Health Enter., Inc. v. Reece*, 44 F.3d 243, 244-45 (5th Cir.1994)(following *Hook* and holding that an employee's state common law claims against his employer are not preempted by federal ERISA law).

In *Hook*, Roxanne Hook was injured at work and filed a negligence action alleging her employer had maintained an unsafe work place. *Hook*, 38 F.3d at 778-79. The employer was a non-subscriber to the workers' compensation system, but had provided employees with a workers' compensation-like ERISA plan. *Id.* at 778. The employer asserted that ERISA preempted Hook's common law negligence claim, and the Fifth Circuit disagreed, stating:

> Hook's unsafe work place claim, however, is totally independent from the existence and administration of [the employer's] ERISA plan. She neither seeks benefits under the plan nor claims that [the employer] improperly processed her claim for benefits. She seeks only *damages for* [the employer's] alleged negligent maintenance of its work place. Numerous federal district courts in Texas have concluded that a tort claim alleging an unsafe work place does not *relate to* an ERISA plan.

38 F.3d at 784 (emphasis added) (citations omitted).

*Hook* is on all-fours with the present case. Because we agree with the reasoning and holding of the Fifth Circuit in *Hook*, we sustain appellant's points of error one and two.

We reverse the summary judgment and remand this case to the trial court.