**GULF COAST ALLOY WELDING, INC., Appellant,**

v.

**LEGAL SECURITY LIFE INSURANCE CO., Appellee.**

No. 01–96–01461–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 21, 1998.

Opinion Overruling Rehearing Aug. 13, 1998.

Paul Michael Hood, Dallas, for Appellant.

Angela Eads Tekell, Waco, for Appellee.

Before COHEN, O'CONNOR and ANDELL, JJ.

## OPINION ON MOTION FOR REHEARING

O'CONNOR, Justice.

Today we re-examine the issue of ERISA preemption of a suit involving the termination of a health-care insurance policy covering the insured's employees. Applying the United States Supreme Court's newer, more refined ERISA preemption standard, we withdraw our earlier opinion and issue this in its stead.

---

Gulf Coast Alloy Welding, Inc. (Gulf Coast), appellant and plaintiff below, appeals from summary judgment in favor of Legal Security Life Insurance Co. (LSLI), appellee and defendant below. We reverse and remand.

## Facts

Gulf Coast was insured by LSLI under a workplace accident insurance policy. Both parties agree the policy was an "employee welfare benefit plan," as defined by the Employment Retirement Income Security Act of 1975 (ERISA).[1]

On April 1, 1993, the policy lapsed because Gulf Coast did not make a timely premium payment. The policy had, on at least one other occasion, lapsed and had been reinstated upon receipt of a premium payment. Gulf Coast claims it spoke with LSLI in April 1993, and LSLI agreed to reinstate the lapsed policy upon receipt of the premium. Gulf Coast sent LSLI a check for the due premium and a letter asking that the policy be reinstated. LSLI returned the check and refused to reinstate the policy.

Gulf Coast sued LSLI, claiming it suffered damages as a result of LSLI's refusal to reinstate the policy. It claimed breach of contract, negligent misrepresentation, fraud, violations of express and implied warranties with respect to the policy's reinstatement, violations of the Texas Deceptive Trade Practices Act (DTPA),[2] and violations of the Texas Insurance Code.[3] LSLI moved for summary judgment, claiming Gulf Coast's statutory and common-law claims were preempted by ERISA. Gulf Coast responded that its claims were not preempted by ERISA because it did not make claims under federal law or for federal relief and its claims did not relate to areas of exclusive federal concern or involve a relationship among traditional ERISA entities. The trial court granted summary judgment in favor of LSLI.

---

1. ERISA exempts from coverage a state worker's compensation plan only if "such [a] plan is maintained solely for the purpose of complying with applicable workmen's compensation laws..." 29 U.S.C. §1003(b)(3) (1998). There is no evidence in this case that Gulf Coast's plan was purchased for the sole purpose of complying with Texas' workers' compensation laws.

2. Tex. Bus. & Com.Code §17.41 (1998).

3. Tex. Ins.Code §21.21 (1998).

## Standard of Review

█ A defendant is entitled to summary judgment if it establishes, as a matter of law, there is no genuine issue of material fact as to one or more of the essential elements of each of the plaintiff's causes of action. *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 474 (Tex.1995); *Keifer v. Spring Shadows Glen*, 934 S.W.2d 785, 787 (Tex.App.—Houston [1st Dist.] 1996, writ denied). The movant bears the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Keifer*, 934 S.W.2d at 787. If a defendant moves for summary judgment based on an affirmative defense, it must prove each element of its affirmative defense as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Keifer*, 934 S.W.2d at 787.

## Analysis

The question is whether ERISA preempts Gulf Coast's claims against LSLI for breach of contract and other claims arising out of LSLI's refusal to reinstate the policy.

█ ERISA preempts state laws that "relate to" employee benefit plans under ERISA. 29 U.S.C. 1144(a) (1997); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 92, 103 S.Ct. 2890, 2897, 77 L.Ed.2d 490 (1983). A state law "relates to" an employee benefit plan if it has either (1) a reference to such a plan, or (2) a connection with such a plan. *Shaw*, 463 U.S. at 96–97, 103 S.Ct. at 2900.

## Reference to ERISA

█ This is not a case in which a state law or cause of action has "a reference to" an ERISA plan. A law "refers to" an ERISA plan when it acts immediately and exclusively upon an ERISA plan, as in *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 829, 108 S.Ct. 2182, 2185, 100 L.Ed.2d 836 (1988), or where the existence of an ERISA plan is essential to the law's operation, as in *District of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125, 130, 113 S.Ct. 580, 583, 121 L.Ed.2d 513 (1992), and *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133,

139–40, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990). *See California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 320, 117 S.Ct. 832, 838, 136 L.Ed.2d 791 (1997).

## Connection with ERISA

The issue in this case is whether Gulf Coast's claims have a "connection with" an ERISA plan. The opinions regarding the scope of ERISA's preemption have not interpreted and applied ERISA preemption consistently. Much of the confusion resulting from those opinions was put to rest by the United States Supreme Court in *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). In *Travelers*, the Supreme Court acknowledged its earlier decisions had caused much of the confusion when they held that ERISA's pre-emption clause must be read broadly to reach any state law having a connection with or reference to covered employee benefit plans. *Travelers*, 514 U.S. at 653, 115 S.Ct. at 1676; *see Ingersoll–Rand*, 498 U.S. at 139, 111 S.Ct. at 483. The Court noted that its language in those cases was potentially misleading. As the Court said:

> [O]ne might be excused for wondering, at first blush, whether the words of limitation [in ERISA §514] ... do much limiting. If "relate to" were taken to extend to the furthest stretch of its indeterminacy, then for all practical purposes pre-emption would never run its course, for "[r]eally, universally, relations stop nowhere."

*Id.*, 514 U.S. at 655, 115 S.Ct. at 1677.

In *Travelers*, the Court pulled back from the all-encompassing preemption analysis that had been applied in some earlier cases. Instead, the Court referred to its traditional constitutional analysis of whether preemption applies, and stated that "we have never assumed lightly that Congress has derogated state regulation, but instead have addressed claims of pre-emption with the starting presumption that Congress does not intend to supplant state law." *Travelers*, 514 U.S. at 654, 115 S.Ct. at 1676. The Court said in cases where ·federal law, such as ERISA, is said to bar state action in areas of traditional

state regulation, the Supreme Court operates under the assumption that "the historic police powers of the States were not superseded by the [federal statute in question] unless that was the clear and manifest purpose of Congress." *Id.*, 514 U.S. at 655, 115 S.Ct. at 1676 (citing *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947)).

With respect to whether a law or cause of action has a "connection with" ERISA, the Court stated that it was necessary to look to the objectives of ERISA as a guide to whether preemption applied.[4] The Court found that the purpose of ERISA was to eliminate the threat of conflicting and inconsistent state and local regulation. *Travelers*, 514 U.S. at 657, 115 S.Ct. at 1677. According to the Court, the object of the preemption clause of ERISA is to avoid a "multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." *Id.*, 514 U.S. at 657, 115 S.Ct. at 1677–78. In establishing ERISA, Congress intended:

> to ensure that [ERISA] plans and plan sponsors would be subject to a uniform body of benefits law; the goal was to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government, and to prevent the potential for conflict in substantive law requiring the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction.

*Id.*, 514 U.S. at 656–57, 115 S.Ct. at 1677 (quoting *Ingersoll–Rand*, 498 U.S. at 142, 111 S.Ct. at 484).

▆▆▆▆ Thus, the purpose of ERISA determines the scope of preemption. If a cause of action or statute has a "connection with" the manifest purpose of ERISA — to avoid multi-jurisdictional laws or claims that may affect the smooth administration of employee benefit plans — then ERISA preemption applies. Otherwise, there is no preemption.

An indirect economic influence on an ERISA plan alone does not justify preemption.

> [T]o read the pre-emption provision as displacing all state laws affecting costs and charges on the theory that they indirectly relate to ERISA plans ... would effectively read the limiting language in §514(a) out of the statute, a conclusion that would violate basic principles of statutory interpretation and could not be squared with our prior pronouncement that "[p]re-emption does not occur if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability."

*Travelers*, 514 U.S. at 661, 115 S.Ct. at 1679–80.

The Supreme Court reiterated its intent to curtail the expansion of ERISA preemption in two cases that followed *Travelers,—De Buono v. NYSA–ILA Medical & Clinical Serv. Fund*, 520 U.S. 806, 117 S.Ct. 1747, 138 L.Ed.2d 21 (1997), and *Dillingham*.

In *De Buono*, the Court recognized that the boundaries of ERISA's preemptive effects have been the subject of substantial litigation. The Court noted it had considered ERISA preemption three times that term and 13 times in the last 16 years, and a LEXIS search of 1992 alone uncovered more than 2,800 opinions on ERISA preemption. *De Buono*, 117 S.Ct. at 1748 n. 1. As in *Travelers*, the Court in *De Buono* acknowledged the preemptive language of ERISA was "clearly expansive." *Id.* 117 S.Ct. at 1751. But it emphasized that the ambiguity of the statute had led to unnecessarily broad interpretations. *Id.* The Court quoted Justice Scalia's concurring opinion in *Dillingham*, in which he said "applying the 'relate to' provision [of ERISA] according to its terms was a project doomed to failure, since, as many a curbstone philosopher has observed, everything is related to everything else." *De Buono*, 117 S.Ct. at 1751 n. 7 (quoting *Dillingham*, 117 S.Ct. at 843).

---

4. The Court candidly recognized that the term "connection with" is as ambiguous as the term "relate to," from the ERISA statute. *Travelers*, 514 U.S. at 656, 115 S.Ct. at 1677. In regard to this dilemma, the Court stated "[f]or the same reasons that infinite relations cannot be the measure of pre-emption, neither can infinite connections. We simply must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute" to resolve what is meant by a "connection with" state laws. *Id.*

In *De Buono*, the Court refined *Travelers* somewhat, showing that ERISA was never designed to modify the presumption that Congress does not intend to supplant state law, and restating that ERISA preemption analysis requires an observation of the purposes of ERISA. *De Buono*, 117 S.Ct. at 1751. The question in *De Buono* was whether a state tax, levied on both ERISA-funded and non-ERISA-funded health care providers, had such an impact on ERISA that it had a "connection with" ERISA. *Id.* 117 S.Ct. at 1752. Reviewing the issue, the Court found no significant impact, and stated that the tax was "one of 'myriad state laws' of general applicability that impose[d] some burdens on the administration of ERISA plans but nevertheless [did] not 'relate to' them within the meaning of the governing statute." *Id.*

The *Dillingham* decision repeated what the Court had said in *Travelers* —the proper preemption analysis under ERISA begins with the assumption that Congress in general does not intend to preempt state law; and, in areas of "traditional state regulation" courts should assume that the police powers of the States are not superseded unless that was the clear purpose of Congress. *Dillingham*, 117 S.Ct. at 838. *Dillingham* involved an apprenticeship program sponsored by state law, under which employers could pay their employees a lower wage if the employees were apprentices in a trade. *Id.* 117 S.Ct. at 835. A public contractor established an apprentice program that was not approved under the state law, and sued under ERISA to prevent the assessment of penalties for its failure to comply with the state statute. *Id.* at 836.

The parties in *Dillingham* agreed that the apprentice program was an "employee welfare benefit plan" under ERISA. *Id.* at 837. The Court noted that, while all apprentice programs through which employers sought to pay employees lower wages were subject to the state law, not all apprentice programs were ERISA-funded employee benefit plans. *Id.* at 839 n. 5. This distinction was important because the state statute operated regardless of whether an apprenticeship program was affected by ERISA. *Id.* at 839. The Court found that the state statute altered the incentives, but did not dictate the choices, facing administrators of ERISA-funded apprenticeship programs. *Id.* at 842. Therefore, the law was no different from other state laws in areas traditionally subject to local regulation, which Congress did not intend to eliminate. *Id.* at 842.

■ In our case, Gulf Coast's claims are based on state contract law, the Texas Insurance Code, and the DTPA, and arise out of LSLI's alleged misrepresentations and breach of its verbal agreements. Gulf Coast's causes of action deal specifically with an area subject to traditional state regulation, *i.e.*, the commercial dealings between the parties. *See Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 247, 250 (5th Cir.1990). The underlying insurance policy involved in this lawsuit just happens to be an ERISA plan. The same causes of action and claims would exist if the insurance policy were for property and casualty, life, or any other type of insurance.

Any potential economic impact this suit may have on the administration of an ERISA plan is insignificant. Under these circumstances, the state laws under which Gulf Coast brought its suit have only a "tenuous, remote, or peripheral connection" with ERISA and should not be subject to preemption. *See Travelers*, 514 U.S. at 661, 115 S.Ct. at 1680.[5]

We sustain the sole point of error in Gulf Coast's motion for rehearing.

We reverse the summary judgment and remand the cause.

**5.** In our original opinion we relied on a case that addressed almost the same issue, *Cadillac Ins. Co. v. L.P.C. Distrib. Co.*, 770 S.W.2d 892 (Tex. App.—San Antonio 1989, writ denied). There, the employer and three employees sued their insurance agents for wrongful cancellation of an ERISA plan. *Id.* at 893. The suit alleged claims under the DTPA, under article 21.21 of the Texas Insurance Code, and for breach of the duty of good faith and fair dealing. *Id.* at 894. The San Antonio Court held the claims related to an ERISA plan and were preempted. *Id.* That case predated *Travelers*, *Dillingham*, and *De Buono*.

PER CURIAM.

The Court today considered the Defendant–Appellee's Further Motion for Rehearing. The motion is overruled.

COHEN, J., dissents.

COHEN, Justice, dissenting on appellee's motion for rehearing.

I respectfully dissent. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), is still good law, as recognized in *California Division of Labor Standards Enforcement v. Dillingham Construction N.A., Inc.*, 519 U.S. 316, 117 S.Ct. 832, 837–38, 136 L.Ed.2d 791 (1997). The *Ingersoll–Rand* Court held unanimously and "without difficulty" that ERISA preemption barred an employee's wrongful discharge suit against his employer for damages. *Ingersoll–Rand*, 498 U.S. at 135–36, 140, 111 S.Ct. at 481, 483. The present suit is by one ERISA entity (the employer, Gulf Coast) against another (the insurer/administrator, LSLI) for policy benefits, a situation that certainly "relates to" an ERISA plan more directly than the suit in *Ingersoll–Rand*. If that suit was preempted, this one seems even more clearly preempted. While the United States Supreme Court has cut back its prior holdings that ERISA preempts almost anything, see cases cited in majority opinion, I doubt that it has gone as far as the majority holds. What *De Buono, Travelers,* and *Dillingham* have in common is that in each case, the Supreme Court refused to preempt state tax and regulatory statutes that were not specifically directed at ERISA plans. *See De Buono v. NYSA–ILA Med. & Clinical Serv. Fund*, 520 U.S. 806, 117 S.Ct. 1747, 1749, 138 L.Ed.2d 21 (1997) (state tax on hospital receipts); *Dillingham*, 117 S.Ct. at 835 (prevailing wage law); *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 649, 115 S.Ct. 1671, 1673, 131 L.Ed.2d 695 (1995) (tax on hospital patients). In the spirit of federalism, these decisions show respect for "traditional state regulation" that involves "historic police powers." *Dillingham*, 117 S.Ct. at 838; *Travelers*, 514 U.S. at 655, 115 S.Ct. at 1676. This case does not involve that. It is a contract suit between two private ERISA participants. If this is not preempted, little is. I would hold that this case is controlled by *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), which held that a common law tort and contract action seeking damages for failure to provide policy benefits was preempted. 481 U.S. at 47–57, 107 S.Ct. at 1553–58.[1] In my opinion, that closely resembles this case.

I now think we were right in our original opinion of March 5, 1998. I vote to affirm the judgment for the reasons there stated. (Opinion attached as Appendix).

## APPENDIX

### MARCH 5, 1998 OPINION

Gulf Coast Alloy Welding, Inc. (Gulf Coast), appellant and plaintiff below, appeals from summary judgment in favor of Legal Security Life Insurance Co. (LSLI), appellee and defendant below. We affirm.

### Facts

Gulf Coast was insured by LSLI under a workplace accident insurance policy. Both parties agree the policy was an "employee welfare benefit plan," as defined by the Employment Retirement Income Security Act of 1975 (ERISA).[1]

On April 1, 1993, the policy lapsed because Gulf Coast did not make a timely premium payment. The policy had, on at least one other occasion, lapsed and had been reinstated by the defendant upon receipt of a premium payment. Gulf Coast claims it spoke with LSLI in April 1993, and LSLI agreed to reinstate the lapsed policy upon receipt of the premium. Gulf Coast sent LSLI a check for the due premium and asked that the

---

1. *Pilot Life* was cited as good law in *Travelers*. 115 S.Ct. at 1683. So was *Ingersoll*. *Id.*

1. ERISA exempts from coverage a state worker's compensation plan only if " 'such [a] plan is maintained solely for the purpose of complying with applicable workmen's compensation laws...' " U.S.C. § 1003(b)(3) (1998). There is no evidence in this case that Gulf Coast's plan was purchased for the sole purpose of complying with Texas' workers' compensation laws.

policy be reinstated. LSLI returned the check and refused to reinstate the policy.

Gulf Coast sued LSLI, claiming it suffered damages as a result of LSLI's refusal to reinstate the policy. It claimed breach of contract, negligent misrepresentation, fraud, violations of express and implied warranties with respect to the policy's reinstatement, violations of the Texas Deceptive Trade Practices Act (DTPA),[2] and violations of the Texas Insurance Code. LSLI moved for summary judgment, claiming Gulf Coast's statutory and common law claims were preempted by ERISA. Gulf Coast responded that its claims were not preempted by ERISA because it did not make claims under federal law or for federal relief and its claims did not relate to areas of exclusive federal concern or involve a relationship among traditional ERISA entities. The trial court granted summary judgment in favor of LSLI.

### Standard of Review

A defendant is entitled to summary judgment if it establishes, as a matter of law, there is no genuine issue of material fact as to one or more of the essential elements of each of the plaintiff's causes of action. *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 474 (Tex.1995); *Keifer v. Spring Shadows Glen*, 934 S.W.2d 785, 787 (Tex.App.—Houston [1st Dist.] 1996, writ denied). The movant bears the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Keifer*, 934 S.W.2d at 787. If a defendant moves for summary judgment based on an affirmative defense, it must prove each element of its defense as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Keifer*, 934 S.W.2d at 787.

### Analysis

The question is whether ERISA preempts Gulf Coast's state law claims as involving an employee welfare benefit plan under ERISA. ERISA preempts state laws that "relate to" employee benefit plans under ERISA. 29 U.S.C. 1144(a) (1998). In evaluating whether a state law is preempted, courts use the normal meaning of the phrase, "relates to." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983); *Keifer*, 934 S.W.2d at 787. ERISA's preemption clause is deliberately expansive and gives federal courts the exclusive right to regulate pension plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45–46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987); *Keifer*, 934 S.W.2d at 787.

As broad as ERISA's preemption clause is, it is not unlimited. *Keifer*, 934 S.W.2d at 787. State law is not preempted if its effect on, or relation to, ERISA plans is too tenuous or remote. *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901. Our determination of ERISA's preemptive scope must be guided by traditional principles of federalism and respect for the separate branches of governmental authority. *Keifer*, 934 S.W.2d at 787.

The Fifth Circuit has developed a two-prong test to help determine if a state law is preempted. A claim under state law is preempted if the claim (1) concerns an area of exclusive federal concern, such as the right to benefits under an ERISA plan, and (2) directly affects the relationship between traditional ERISA entities, such as plan administrators or fiduciaries, employers, plan participants, or beneficiaries. *Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir.1994); *see Keifer*, 934 S.W.2d at 788; 29 U.S.C. §§ 1002(5), (7), (8), (21)(A) (1998).[3]

In this case, employer Gulf Coast sued LSLI, the insurer and fiduciary, satisfying the second prong of the test. The critical issue is whether the first prong is satisfied, that is, whether Gulf Coast's state law claims

---

**2.** Tex. Bus. & Com. § 17.41 (1998).

**3.** A plan participant is an employee or former employee who is or may be eligible for ERISA plan benefits. 29 U.S.C. § 1002(7) (1998). A beneficiary is a person designated by a participant or a plan's terms to receive plan benefits.

29 U.S.C. § 1002(8) (1998). A person is a fiduciary if he exercises discretionary control or authority over the management or administration of a plan or its assets. 29 U.S.C. § 1002(21)(A) (1998).

address areas of exclusive federal concern. We hold they do.

Gulf Coast sued LSLI for refusing to reinstate the policy, which is a suit alleging improper administration of an ERISA plan. Claims alleging improper administration of an ERISA plan are within the exclusive jurisdiction of the federal courts and are preempted by ERISA. *Manahan v. Meyer*, 862 S.W.2d 130, 134 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *see Cathey v. Metropolitan Life Ins. Co.*, 805 S.W.2d 387, 390 (Tex.1991) (claims for coverage misrepresentation relate to ERISA plan and are preempted).

The San Antonio Court of Appeals addressed a similar issue in *Cadillac Insurance Co. v. L.P.C. Distributing Co.*, 770 S.W.2d 892, 893–94 (Tex.App.—San Antonio 1989, writ denied). There, the employer and three employees sued the agents for their insurance plan for wrongful cancellation of an ERISA plan. *Id.* at 893. The suit alleged claims under the DTPA, under Tex. Ins.Code art. 21.21, and for breach of the duty of good faith and fair dealing. *Id.* at 894. The San Antonio Court held the claims related to an ERISA plan and were preempted. *Id.*

The Eighth Circuit Court of Appeals addressed a case with facts even closer to ours than those in the *Cadillac Insurance* case. In *Robinson v. Linomaz*, 58 F.3d 365, 370 (8th Cir.1995), the insurer terminated an insurance policy after one year, according to the terms of the contract of insurance. *Id.* at 367. The plaintiffs sued the insurer for wrongful termination of the policy. *Id.* The district court granted the insurer's motion to dismiss the complaint on the grounds that the state law claims were preempted by ERISA. *Id.* The plaintiffs argued that the case was a simple contract case, and was not preempted by ERISA. *Id.* at 370. The Eighth Circuit Court of Appeals disagreed:

> In most if not all cases [involving the termination of a contract], an examination of the termination of a plan governed by ERISA will require reference to the various provisions of the statute and the terms of the plan itself. Accordingly, we hold that appellants' claims of wrongful termi-

nation of the policy do "relate to" an "employee benefit plan" and are therefore preempted by ERISA.

*Id.*

We agree with the *Cadillac Insurance* and *Robinson* courts. We hold that Gulf Coast's claims relate to an ERISA plan and are preempted.

We overrule point of error one.

We affirm the trial court's judgment.