NO. 07-02-0399-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 10, 2003

______________________________

ALLSTATE INSURANCE COMPANY, APPELLANT

V.

ALVIN F. HICKS, APPELLEE

_________________________________

FROM THE 251
ST
 DISTRICT COURT OF RANDALL COUNTY;

NO. 51,836-C; HONORABLE PATRICK PIRTLE, JUDGE

_______________________________

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Dissenting Opinion

Though I concur with the majority that the summary judgment awarded Alvin F. Hicks (Hicks) should be reversed, I disagree with the majority’s decision to render summary judgment in favor of Allstate Insurance Co. (Allstate).

The majority believes that summary judgment should be granted to Allstate because Michael and Lynnette Dudding (the Duddings) failed to plead a cause of action within the ambit of Allstate’s policy.  That contention may be a viable basis for relief.  Yet, first it must be encompassed within a motion for summary judgment filed by Allstate.

It is well-settled that motions for summary judgment must stand or fall on the grounds expressly presented therein.  
McConnell v. Southside Sch. Dist.
, 858 S.W.2d 337, 341 (Tex. 1993).  Consequently, both trial and appellate courts are barred from granting or affirming summary judgments on grounds that no one mentions.  
Keifer v. Spring Shadows Glen
, 934 S.W.2d 785, 787 (Tex. App.–Houston [1
st
 Dist.] 1996, writ denied); 
Sanders v. Capitol Area Council
, 930 S.W.2d 905, 910 (Tex. App.–Austin 1996, no writ).  This is equally true when the parties tender cross-motions for summary judgment for in that situation each movant must still carry its own burden to prove its right to judgment, 
Russell v. Panhandle Producing Co.
, 975 S.W.2d 702, 708 (Tex. App.–Amarillo 1998, no pet.), and neither party may be granted judgment simply because its opponent fails to carry its burden.  
Miller & Freeman Ford, Inc. v. Greater Houston Bank
, 544 S.W.2d 925, 926 (Tex. 1976), 
quoting
, 
Tigner v. First Nat’l Bank
, 264 S.W.2d 85 (Tex. 1954); 
Russell v. Panhandle Producing Co.
, 975 S.W.2d at 708.  

Here, the insurer contended, via its motion, that it was entitled to relief solely on the ground that “the damages alleged by the Duddings were not caused by an accident because Hick’s misrepresentations . . . were the origin of all their damages, and the policy’s intentional injury exclusion precluded coverage.”  
In other words, Allstate believed itself entitled to judgment because the damages purportedly suffered by the Duddings arose from intentional conduct, which conduct was not covered by the Allstate policy.  Nothing was said about being entitled to relief because the Duddings’ failed to state a cause of action within their live pleading.  So, Allstate cannot be awarded summary judgment for the reason relied on by the majority.  
McConnell v. Southside Sch. Dist.
, 
supra
; 
Keifer v. Spring Shadows Glen
, 
supra
; 
Sanders v. Capitol Area Council
, 
supra
.  To hold otherwise would be to award judgment to Allstate merely because Hicks failed to carry his burden on appeal; that I can not do.  
Miller & Freeman Ford, Inc.
, 
supra
; 
Russell v. Panhandle Producing Co.
, 
supra
.  Accordingly, I dissent from the majority’s decision to render summary judgment for Allstate.
(footnote: 1)
 

Brian Quinn

    Justice

FOOTNOTES
1:
I understand that reversal and remand may do nothing more than expose the litigants to further delay and cost.  Nonetheless, our courts have demanded strict compliance with the provisions of Rule 166a of the Texas Rules of Civil Procedure.  
See In re Estate of Thompson
, 873 S.W.2d 113, 114 (Tex. App.–Tyler 1994, no writ) (stating that “because of the severe results, the rule ‘must be applied as written’”); 
Bell Showa Denko K.K.
, 899 S.W.2d 749, 759 (Tex. App.–Amarillo 1995, writ denied) (stating that the summary judgment rules must be strictly construed since it is a harsh remedy).