Russell Lynn HARTSFIELD, Appellant,

v.

Mary Jane WISDOM, Appellee.

No. 07–91–0284–CV.

Court of Appeals of Texas,
Amarillo.

Dec. 1, 1992.

Rehearing Overruled Jan. 7, 1993.

Rush S. Wells, P.C., William F. Warnick, Lubbock, for appellant.

Robin M. Green, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

POFF, Justice.

Appellant Russell Lynn Hartsfield instituted an original bill of review to set aside an agreed decree of divorce signed by him and Mary Jane Wisdom, his ex-wife. After a hearing on Wisdom's summary judgment motion, the trial court granted summary judgment and dismissed the petition. We affirm.

Because this is an appeal from a summary judgment, the issues before us must be resolved within the framework of settled principles of summary judgment law. A movant earns a summary judgment by establishing (1) the absence of genuine issues of material fact and (2) the right to judgment under those undisputed material facts, as a matter of law, on grounds expressly stated in the motion. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983); *Whiddon v. Metni,* 650 S.W.2d 904, 905 (Tex.App.—Dallas 1983, writ ref'd n.r.e.); Tex.R.Civ.P. 166a(c). The movant, against whom all doubts are resolved, has the burden of establishing both elements, *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979), and when the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of law, succeed upon any theory plead. *Pierce v. Sheldon Petroleum Co.,* 589 S.W.2d 849, 852 (Tex.Civ. App.—Amarillo 1979, no writ).

In a portion of point of error one, Hartsfield contends the trial court erred in granting Wisdom's summary judgment motion, arguing that he raised fact issues about his competency during the pendency of the divorce sufficient to bar summary judgment. We disagree.

On October 22, 1990, Hartsfield filed a sworn petition for bill of review, seeking to set aside a decree of divorce signed on November 15, 1988. Hartsfield alleged that he was confined to Charter Plains Hospital from February 3, through March 8, 1988, for severe depression and from September 21, to October 18, 1988, for severe depression and attempted suicide.

During the pendency of the divorce and when judgment was rendered, Hartsfield plead that he was incompetent to understand the consequences of his actions and the extent of his property. He also alleged that Wisdom was aware of his incompetency and failed to call it to the court's attention.

In her summary judgment motion, Wisdom alleged that (1) Hartsfield failed to make adequate factual pleadings with necessary particularity to support a bill of review and (2) the undisputed facts show that she is entitled to relief. No summary judgment proof accompanied Wisdom's motion.

In response to Wisdom's summary judgment motion, Hartsfield defended on the grounds that Wisdom had not filed any summary judgment proof and the affidavits he submitted show genuine issues of material fact that preclude the granting of her summary judgment. Hartsfield alleged that the issue of his mental competency when he entered into the "Agreed Judgment" raised genuine issues of material fact. In his affidavit, Hartsfield averred that he was hospitalized during the times and for the purposes alleged in his bill of review. In pertinent part, Hartsfield's affidavit provides:

"On November 8, 1988, approximately three weeks after my release from Charter Plains Hospital, I went with my lawyer to what I understood was to be a procedure to allow us to attempt to resolve the matters in this case on a temporary basis and would leave the final settlement of the case for future negotiations and/or trial.

"Throughout most of 1988, I was unable to function effectively in a business capacity in the business with my father and wife. I suffered extreme bouts of depression interspersed with uncontrolled anger.

"On November 8, 1988 and even on November 16, 1988, I was unable to attend to my business affairs and was unable to appreciate the value of assets comprising my community estate with my wife as well as the extent of our indebtedness."

Hartsfield also attached an affidavit of Wisdom, dated October 26, 1988, to his response to her summary judgment motion. In relevant part, she averred:

"My divorce was filed on the 28th day of July, 1988. There has been a continual escalation of aberrant behavior on the part of my husband, RUSSELL LYNN HARTSFIELD. Although over the last several years he has more or less continually threatened to kill himself, since the filing of the divorce, these threats have become more persistent and have increased in number.

"Additionally, in the months of September and October of 1988, he has engaged in an escalating pattern of misbehavior and violent conduct that, although not at this time life-threatening, appears to be heading in that direction.

\* \* \* \* \* \*

"Since the divorce, although Russell and I have done some work with regard to the maintenance of the insurance agency known as the A.L. Hartsfield and Associates, the primary responsibility for maintaining that agency has fallen to Russell's father, Alfred Hartsfield. This has been necessary because Russell has spent approximately three weeks of this time in Charter Plains Hospital here in Lubbock."

The affidavit further showed confrontations Hartsfield had with Alfred, who is seventy-three years old. She averred that on October 11, 1988, Hartsfield demanded that Alfred pay a $9,000 bill from Charter Plains. When he refused, Hartsfield took possession of the business books and checkbook. Hartsfield returned the items when Alfred offered him an American Express card in exchange for the books. On October 16, Hartsfield created a scene in front of her guests at her home. On October 25, Hartsfield demanded that Alfred give him money for his fourth of the agency in advance of its sale. When Alfred refused, Hartsfield made threats and threw an ash tray against the wall.

On October 26, Hartsfield got mad at Alfred's refusal to comply with some of his demands and started to let air out of the employees' automobile tires. Upon being locked out of the office, Hartsfield kicked in a door and broke a plate-glass window by throwing a stapler through it. He threw other items, ripped phones out of the wall, broke potted plant containers, and destroyed supply items. He knocked Alfred down and kicked his car. Wisdom stated that Hartsfield had previously committed manipulative and dramatic acts in front of people in order to get his way.

■ In order to establish a bill of review, the petitioner must plead and prove (1) a meritorious defense to the action which supported the earlier judgment; (2) that he was precluded from making the defense by fraud, accident or wrongful act of his opponent; and (3) unmixed with any negligence or fault of his own. *Transworld Financial Services v. Briscoe*, 722 S.W.2d 407, 07–08 (Tex.1987). A summary judgment may be granted against the proponent of a bill of review if the movant can establish, as a matter of law, the absence of any of the three elements of the bill. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311–12 (Tex.1984); *Kennell v. Kennell*, 743 S.W.2d 299, 300 (Tex.App.—Houston [14th Dist.] 1987, no writ); *DeCluitt v. DeCluitt*, 613 S.W.2d 777, 781 (Tex.Civ.App.—Waco 1981, writ dism'd); *Boley v. Boley*, 506 S.W.2d 934, 937–39 (Tex.Civ.App.—Fort Worth 1974, no writ).

■ A party seeking a bill of review must allege with specificity sworn facts adequate to constitute a claim or defense. The petitioner must then, as a pretrial matter, produce prima facie proof to support a meritorious claim or defense. *Beck v. Beck*, 771 S.W.2d 141, 142 (Tex.1989). A prima facie claim or defense is established if it is determined by the trial court that the defense or claim is not barred as a matter of law or that the petitioner is entitled to judgment on retrial if no contrary evidence is offered. *Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex.1979). If a meritorious defense or claim is shown at the pretrial hearing, then the trial court proceeds to an adjudication of the remaining two issues. *Beck v. Beck*, 771 S.W.2d at 142.

■ Here, Hartsfield says he only wants to overturn the property settlement portion

of the agreed decree. The pleadings and summary judgment record do not show the nature of the property division nor the decree. A mere allegation that the resisting party was incompetent during the pendency of the divorce proceeding is inadequate to show a meritorious defense to the contractual divorce agreement. This is because Hartsfield must also plead or show proof that he received an unfair settlement and would obtain a more favorable property division on retrial if his allegations were believed. *Martin v. Martin,* 840 S.W.2d 586 (Tyler); *DeCluitt v. DeCluitt,* 613 S.W.2d 777, 780 (Tex.Civ.App.—Waco 1981, writ dismissed). Consequently, this portion of point one is overruled.

In his first and second points of error, Hartsfield contends the trial court erred in granting Wisdom's summary judgment, arguing that the motion is inadequate because it is really a special exception and motion to dismiss, and no summary judgment proof was submitted by Wisdom. We disagree.

A summary judgment must not be premised upon pleadings that fail to state a cause of action which could be cured by amendment. *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex.1983). An action may be dismissed by summary judgment only after the resisting party has been given an opportunity to amend. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974). Situations where a summary judgment motion can be sustained on the pleadings are limited. Where a pleading deficiency can not be cured by amendment, summary judgment is proper when the facts alleged by the plaintiff establish an impossible obstruction to a right of recovery or the lack of a right of action. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). Additionally, where the opposing party fails to complain to the trial court that the summary judgment motion is a wrongful attack on his pleading and is actually a special exception, the question may not be raised for the first time on appeal. *Farrell v. Crossland,* 706 S.W.2d 158, 160 (Tex.App.—El Paso 1986, writ dism'd); *Portugal v. Jackson,* 647 S.W.2d 393, 394 (Tex.App.—Waco 1983, writ ref'd n.r.e.); Tex.R.App.P. 52(a).

Here, Hartsfield failed to object to Wisdom's summary judgment on the ground that he should have had an opportunity to amend or that she wrongfully raised the attack on his pleading by summary judgment rather than special exception. In the absence of any objection grounded on these points, the trial court did not err in granting summary judgment on the pleadings. This is because Hartsfield cannot raise the issue for the first time on appeal, as he attempts to do. Having disposed of all arguments, points of error one and two are overruled.

Accordingly, the judgment of the trial court is affirmed.

REYNOLDS, Chief Justice, concurring.

Concurring in the affirmance of the summary judgment rendered in these irregular proceedings, I add these observations. Hartsfield did not present his second-point complaint made here to the trial court so as to preserve error in Wisdom's attacking his bill of review proceedings by motion for summary judgment instead of by special exceptions. Therefore, we may not reverse the trial court's judgment on that procedural ground raised for the first time in this Court. *San Jacinto River Authority v. Duke,* 783 S.W.2d 209, 210 (Tex.1990).

To invoke the equitable powers of the trial court, Hartsfield had a burden to allege, with particularity, sworn facts sufficient to constitute a defense to the divorce judgment rendered. *Baker v. Goldsmith,* 582 S.W.2d 404, 408 (Tex.1979). Thus, even accepting that Hartsfield was incompetent at all times material to the rendition of the divorce judgment, he was not relieved from the burden of pleading a good defense to the divorce judgment, *Lissner v. State Mortgage Corporation,* 29 S.W.2d 849, 852 (Tex.Civ.App.—San Antonio 1930, writ dism'd), *i.e.,* of showing by proper pleading that he was entitled to other and additional relief, which he was deprived of by the alleged fraud of Wisdom. *Dallas Coffee & Tea Co. v. Williams,* 45 S.W.2d 724, 728 (Tex.Civ.App.—Dallas 1931, writ dism'd). Hartsfield did not so plead, and there being no defense shown to the divorce judgment rendered, he may not set

the judgment aside on the fraud alleged. *Id.*

Accordingly, I concur in the overruling of Hartsfield's two points of error and the affirmance of the judgment.