In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00067-CV
______________________________


BOBBY J. TOMPKINS, Appellant
 
V.
 
BETTY F. TOMPKINS, ET AL., Appellees


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 03-0475


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Bobby J. Tompkins has appealed from the denial of his bill of review seeking to set aside the
divorce decree dissolving his marriage to Betty F. Tompkins. Bobby argues that the trial court erred
in denying his bill of review because he was incompetent at the time of the agreed divorce
settlement. 
            In May 2002, a divorce was granted by agreement of both Betty Tompkins and Bobby
Tompkins. The record does not indicate any appeal from that judgment. On December 18, 2002,
Bobby filed a bill of review which alleged he was incompetent at the time of the agreed judgment
granting the divorce. Mediation was conducted pursuant to that bill of review, and by agreement of
all parties and counsel, Bobby obtained a greater portion of the marital estate than he had under the
original agreement. The parties agreed the bill of review would be dismissed with prejudice. On
March 7, 2003, the trial court dismissed with prejudice the bill of review filed December 18. The
record does not indicate any appeal from the dismissal order. Bobby alleges that, on March 11,
2003, the trial court entered a nunc pro tunc final decree of divorce. 
            On May 3, 2003, Bobby filed a second bill of review which alleged he was incompetent at
the time of the agreed judgment granting the divorce. During the hearing, Bobby's counsel argued
that Bobby was incompetent at the time the agreed judgment was entered and at the time of the first
bill of review.


 On May 27, 2003, the trial court found the bill of review filed in May contained the
same issues as the bill of review filed in December and denied the bill. Bobby appeals the May 27
order.
            The trial court found that res judicata barred the second bill of review. Res judicata applies
to bill of review proceedings. Holloway v. Starnes, 840 S.W.2d 14, 19 (Tex. App.—Dallas 1992,
writ denied); see Rizk v. Mayad, 603 S.W.2d 773, 775 (Tex. 1980). To establish res judicata, the
claimant must show: "(1) a prior final judgment on the merits by a court of competent jurisdiction;
(2) identity of parties or those in privity with them; and (3) a second action based on the same claims
as were raised or could have been raised in the first action." Amstadt v. United States Brass Corp.,
919 S.W.2d 644, 652 (Tex. 1996). 
            The Texas Supreme Court has adopted the transactional approach to res judicata. See Barr
v. Resolution Trust Corp., 837 S.W.2d 627, 631 (Tex. 1992). Under the "transactional" approach,
a judgment in an earlier suit "precludes a second action by the parties and their privities not only on
matters actually litigated, but also on causes of action or defenses which arise out of the same subject
matter and which might have been litigated in the first suit." Getty Oil Co. v. Ins. Co. of N. Am., 845
S.W.2d 794, 798 (Tex. 1992); Barr, 837 S.W.2d at 630; see Amstadt, 919 S.W.2d at 652. The Texas
Supreme Court held that a "transaction" is not equivalent to a sequence of events, but rather the
determination is to be made pragmatically "giving weight to such considerations as whether the facts
are related in time, space, origin, or motivation, whether they form a convenient trial unit, and
whether their treatment as a trial unit conforms to the parties' expectations or business understanding
or usage." Barr, 837 S.W.2d at 631; see Getty Oil Co., 845 S.W.2d at 799; see also Musgrave v.
Owen, 67 S.W.3d 513, 519 (Tex. App.—Texarkana 2002, no pet.).
            While Bobby did present evidence he was still on medication when he filed the first bill of
review, the issue of his competency should have been raised at the time of the first bill of review. 
After considering whether the facts are related in time, space, origin, or motivation and whether they
form a convenient trial unit and whether their treatment as a trial unit conforms to the parties'
expectations or business understanding or usage, we conclude that the competency of Bobby at the
time of the first bill of review should have logically been included as part of the first bill of review. 
The alleged incompetency stems from the same treatment and would form a convenient trial unit. 
If Bobby was indeed incompetent at the time of the filing of the first bill of review, his current
incompetency at that time would form a convenient trial unit to be brought in connection with his
alleged incompetency at the time of the divorce settlement. Therefore, we conclude res judicata bars
the second bill of review.
            Further, even if res judicata did not bar the suit, the trial court did not abuse its discretion in
dismissing the second bill of review. A bill of review is an equitable proceeding to set aside a final
judgment that is no longer appealable or subject to a motion for new trial. Transworld Fin. Servs.
Corp. v. Briscoe, 722 S.W.2d 407, 408 (Tex. 1987); In re Marriage of Ham, 59 S.W.3d 326, 331
(Tex. App.—Texarkana 2001, no pet.).
            To be entitled to relief, a plaintiff in a bill of review action must prove three elements: (1) a
meritorious claim or defense; (2) which he or she was prevented from asserting by the fraud,
accident, wrongful act, or mistake of the opposite party or a mistake by court personnel in the
execution of official duties; and (3) unmixed with any fault or negligence of his or her own. Briscoe,
722 S.W.2d 408; Ham, 59 S.W.3d at 331; W. Columbia Nat'l Bank v. Griffith, 902 S.W.2d 201, 205
(Tex. App.—Houston [1st Dist.] 1995, writ denied).
            The petitioner must, as a pretrial matter, produce prima facie proof to support a meritorious
claim or defense. Beck v. Beck, 771 S.W.2d 141, 142 (Tex. 1989). A prima facie meritorious
defense is presented when it is determined that the complaint's defense is not barred as a matter of
law and that he or she will be entitled to judgment on retrial if no evidence to the contrary is offered. 
Baker v. Goldsmith, 582 S.W.2d 404, 408–09 (Tex. 1979); Hartsfield v. Wisdom, 843 S.W.2d 221,
223 (Tex. App.—Amarillo 1992, writ denied). The relevant inquiry is not whether "the result would
probably be different" because such a test would require weighing of the evidence. Goldsmith, 582
S.W.2d at 408. 
            The mere fact that a party who was well represented by counsel was of unsound mind when
the judgment was rendered against him or her, does not render the judgment erroneous absent a
showing that he or she did not receive a fair trial and that the judgment is inequitable. Garlington
v. Wasson, 279 S.W.2d 668, 675 (Tex. Civ. App.—Eastland 1955, writ ref'd n.r.e.).  
            The current situation is similar to the situation considered by the Amarillo Court of Appeals
in Hartsfield. Hartsfield argued he was incompetent at the time of the prior judgment and therefore
the summary judgment was improper. Hartsfield, 843 S.W.2d at 222. The Amarillo Court of
Appeals held that the "mere allegation that the resisting party was incompetent during the pendency
of the divorce proceeding is inadequate to show a meritorious defense to the contractual divorce
agreement." Id. at 224. The court further held that an appellant must "plead or show proof that he
received an unfair settlement and would obtain a more favorable property division on retrial if his
allegations were believed." Id.; see Martin v. Martin, 840 S.W.2d 586, 592 (Tex. App.—Tyler 1992,
writ denied); DeCluitt v. DeCluitt, 613 S.W.2d 777, 780 (Tex. Civ. App.—Waco 1981, writ dism'd).
            Bobby alleges that the sale of the community estate drastically undervalued the community
property.


 However, Bobby has not asserted any new meritorious claim or defense which would
entitle him to judgment on retrial. Bobby simply alleges that the division of the estate is unfair. 
"The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts
with the fundamental policy that judgments must become final at some point." Briscoe, 722 S.W.2d
at 407. Bobby has made no showing he would obtain a more favorable judgment on retrial. Without
a new claim or defense not asserted at trial, Bobby is not entitled to have the judgment set aside. 
Further, Bobby has not alleged he was prevented from making any claim due to fraud, accident,
wrongful act, or mistake of the opposite party or a mistake by court personnel. Because Bobby has
failed to meet his burden concerning the first two requirements of a bill of review, the trial court did
not err in dismissing the bill.
            We have considered Betty's motion for sanctions and overrule the said motion. For the
reasons stated, we affirm the judgment of the trial court.
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          December 23, 2003
Date Decided:             December 30, 2003