In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00233-CR
______________________________


WALLACE DELAYNE SMITH, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 30550-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          On September 8, 2003, Wallace Delayne Smith waived a jury trial and pled guilty
to robbery as charged in the amended indictment.


 See Tex. Pen. Code Ann. 
§ 29.02(a)(1) (Vernon 2003). Robbery is a second degree felony. See Tex. Pen. Code
Ann. § 29.02(b) (Vernon 2003). There was no plea agreement in this case; Smith asked
to be placed on community supervision, while the State asked that Smith be sentenced to
a term of imprisonment of at least twelve years. Ultimately, the trial court imposed a
sentence of ten years. 
          On February 2, 2004, Smith's appellate counsel filed an Anders


 brief in which she
professionally discussed the record, described the issues reviewed, and concluded there
were no arguable grounds for appeal and, as required by Anders, also filed a motion to
withdraw. Counsel also sent Smith a copy of the appellate brief and informed him of his
right to file a response pro se and of his right to review the record. 
          This Court informed Smith his written responsive brief, should he wish to file one,
must be filed by March 5, 2004. As of this date, Smith has not filed a response pro se. We
have independently reviewed the record and the brief filed by counsel in this appeal, and
we agree there are no arguable issues that would support an appeal in this case. 
          Smith admitted snatching the victim's purse in both a written confession and during
his oral colloquy with the trial court. Smith's decisions to plead "guilty" to the amended
indictment, to waive his right to a jury trial, and to relinquish his constitutional protections
against self-incrimination appear to have been made voluntarily and willingly, without
pressure from Smith's trial counsel or other persons. 
          The trial court assessed Smith's punishment at ten years' imprisonment, within the
range provided under Texas law. See Tex. Pen. Code Ann. § 12.33(a) (Vernon 2003). 
Accordingly, the trial court did not abuse its discretion by assessing Smith's punishment
at ten years' confinement.
          For the reasons stated, we concur with counsel's assessment there are no
meritorious points of error in this case which would call for reversal of the proceedings
below. Accordingly, we affirm the trial court's judgment.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      April 28, 2004
Date Decided:         May 5, 2004

Do Not Publish



ted in the first suit." Getty Oil Co. v. Ins. Co. of N. Am., 845
S.W.2d 794, 798 (Tex. 1992); Barr, 837 S.W.2d at 630; see Amstadt, 919 S.W.2d at 652. The Texas
Supreme Court held that a "transaction" is not equivalent to a sequence of events, but rather the
determination is to be made pragmatically "giving weight to such considerations as whether the facts
are related in time, space, origin, or motivation, whether they form a convenient trial unit, and
whether their treatment as a trial unit conforms to the parties' expectations or business understanding
or usage." Barr, 837 S.W.2d at 631; see Getty Oil Co., 845 S.W.2d at 799; see also Musgrave v.
Owen, 67 S.W.3d 513, 519 (Tex. App.—Texarkana 2002, no pet.).
            While Bobby did present evidence he was still on medication when he filed the first bill of
review, the issue of his competency should have been raised at the time of the first bill of review. 
After considering whether the facts are related in time, space, origin, or motivation and whether they
form a convenient trial unit and whether their treatment as a trial unit conforms to the parties'
expectations or business understanding or usage, we conclude that the competency of Bobby at the
time of the first bill of review should have logically been included as part of the first bill of review. 
The alleged incompetency stems from the same treatment and would form a convenient trial unit. 
If Bobby was indeed incompetent at the time of the filing of the first bill of review, his current
incompetency at that time would form a convenient trial unit to be brought in connection with his
alleged incompetency at the time of the divorce settlement. Therefore, we conclude res judicata bars
the second bill of review.
            Further, even if res judicata did not bar the suit, the trial court did not abuse its discretion in
dismissing the second bill of review. A bill of review is an equitable proceeding to set aside a final
judgment that is no longer appealable or subject to a motion for new trial. Transworld Fin. Servs.
Corp. v. Briscoe, 722 S.W.2d 407, 408 (Tex. 1987); In re Marriage of Ham, 59 S.W.3d 326, 331
(Tex. App.—Texarkana 2001, no pet.).
            To be entitled to relief, a plaintiff in a bill of review action must prove three elements: (1) a
meritorious claim or defense; (2) which he or she was prevented from asserting by the fraud,
accident, wrongful act, or mistake of the opposite party or a mistake by court personnel in the
execution of official duties; and (3) unmixed with any fault or negligence of his or her own. Briscoe,
722 S.W.2d 408; Ham, 59 S.W.3d at 331; W. Columbia Nat'l Bank v. Griffith, 902 S.W.2d 201, 205
(Tex. App.—Houston [1st Dist.] 1995, writ denied).
            The petitioner must, as a pretrial matter, produce prima facie proof to support a meritorious
claim or defense. Beck v. Beck, 771 S.W.2d 141, 142 (Tex. 1989). A prima facie meritorious
defense is presented when it is determined that the complaint's defense is not barred as a matter of
law and that he or she will be entitled to judgment on retrial if no evidence to the contrary is offered. 
Baker v. Goldsmith, 582 S.W.2d 404, 408–09 (Tex. 1979); Hartsfield v. Wisdom, 843 S.W.2d 221,
223 (Tex. App.—Amarillo 1992, writ denied). The relevant inquiry is not whether "the result would
probably be different" because such a test would require weighing of the evidence. Goldsmith, 582
S.W.2d at 408. 
            The mere fact that a party who was well represented by counsel was of unsound mind when
the judgment was rendered against him or her, does not render the judgment erroneous absent a
showing that he or she did not receive a fair trial and that the judgment is inequitable. Garlington
v. Wasson, 279 S.W.2d 668, 675 (Tex. Civ. App.—Eastland 1955, writ ref'd n.r.e.).  
            The current situation is similar to the situation considered by the Amarillo Court of Appeals
in Hartsfield. Hartsfield argued he was incompetent at the time of the prior judgment and therefore
the summary judgment was improper. Hartsfield, 843 S.W.2d at 222. The Amarillo Court of
Appeals held that the "mere allegation that the resisting party was incompetent during the pendency
of the divorce proceeding is inadequate to show a meritorious defense to the contractual divorce
agreement." Id. at 224. The court further held that an appellant must "plead or show proof that he
received an unfair settlement and would obtain a more favorable property division on retrial if his
allegations were believed." Id.; see Martin v. Martin, 840 S.W.2d 586, 592 (Tex. App.—Tyler 1992,
writ denied); DeCluitt v. DeCluitt, 613 S.W.2d 777, 780 (Tex. Civ. App.—Waco 1981, writ dism'd).
            Bobby alleges that the sale of the community estate drastically undervalued the community
property.


 However, Bobby has not asserted any new meritorious claim or defense which would
entitle him to judgment on retrial. Bobby simply alleges that the division of the estate is unfair. 
"The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts
with the fundamental policy that judgments must become final at some point." Briscoe, 722 S.W.2d
at 407. Bobby has made no showing he would obtain a more favorable judgment on retrial. Without
a new claim or defense not asserted at trial, Bobby is not entitled to have the judgment set aside. 
Further, Bobby has not alleged he was prevented from making any claim due to fraud, accident,
wrongful act, or mistake of the opposite party or a mistake by court personnel. Because Bobby has
failed to meet his burden concerning the first two requirements of a bill of review, the trial court did
not err in dismissing the bill.
            We have considered Betty's motion for sanctions and overrule the said motion. For the
reasons stated, we affirm the judgment of the trial court.
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          December 23, 2003
Date Decided:             December 30, 2003