NO. 07-06-0234-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 17, 2006


 ______________________________



IN THE MATTER OF THE MARRIAGE OF


ANTHONY SCOTT BROWN AND GLENDA DARLENE BROWN,


A/K/A GLENDA DARLENE ROMINES


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 69476-D; HONORABLE DON EMERSON, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Anthony Scott Brown, appeals an order of dismissal of his petition for
divorce. We previously abated and remanded the matter to the trial court for findings of
fact necessary to our jurisdictional determination. We reverse and remand to the trial
court for further proceedings. (1)


Background 

 Brown filed a petition for divorce in 2004. Because of his incarceration with the
Texas Department of Criminal Justice, Brown corresponded with the trial court by mail and
never made a personal appearance. On March 16, 2006, the trial court signed an order
of dismissal for lack of prosecution. Upon receiving the order of dismissal, Brown sent the
trial court a motion requesting reinstatement of the divorce proceedings. The trial court
took no action on his motion to reinstate which was denied by operation of law. See Tex.
R. Civ. P. 329b(c). Brown then filed a notice of appeal with the trial court clerk on June 7,
2006. On July 27, we abated the matter to the trial court for findings of fact to assist this
court in determining whether Brown's motion to reinstate extended appellant's time to file
notice of appeal. As a result of the trial court's additional investigation of the facts, the trial
court concludes that Brown's motion to reinstate was indeed timely and that the trial court's
order of dismissal was premised on the mistaken belief that Brown's lack of prosecution
of the petition for divorce was intentional or the result of conscious indifference. Further,
the trial court concedes in its findings of fact that Brown is entitled to a hearing on his
motion to reinstate. Therefore, in the interest of justice, we will not require the filing of
briefs, see Tex. R. App. P. 2, and will reverse the trial court's order of dismissal and remand
to the trial court for further proceedings.

 It is so ordered.

 Per Curiam

 
1. Because of the disposition of this matter and pursuant to Rule 2 of the Texas
Rules of Appellate Procedure, we are dispensing of the requirement of the 21 days notice
to the parties. 



ont-family: Arial"> IBP did not provide workers' compensation insurance coverage and elected to
become a non-subscriber. Tex. Lab. Code Ann. § 406.002 (Vernon 1996). Instead, IBP
established WISP, which provides benefits summarized in part as follows: 

PREAMBLE


 The IBP Workplace Injury Settlement Program - Texas is an employee
welfare benefit program offered by IBP to its Texas employees (and to those
of its subsidiaries doing business in Texas) to provide certain payments for
damages resulting from work related personal injuries. This ERISA program
(Exhibit B) is designed to provide such employees with benefits that are
equivalent to -- and in many ways superior to -- those provided by Texas
Workers' Compensation, to which IBP does not subscribe.


 Beyond serving as an alternative to Workers' Compensation for Texas
employees, the Program is part of an overall Occupational Health and Safety
program aimed at enhancing the quality of employment at IBP through
improved employee health, increased productivity, reduced absenteeism as
well as turnover and improved employee relations. The Program contributes
to these aims by its availability, superior benefits, understandability and
caring in-house administration.


 By accepting the Program, an employee settles his or her negligence
claim with the Company and waives any right of action at common law or
under any statute to recover damages for personal injuries, or death,
sustained in the course and scope of employment. The Program provides
that any dispute relating to the Program shall be resolved by binding
arbitration.



 Because this is an appeal from a summary judgment only the facts necessary for
our analysis will be presented. Alashmawi worked in a laboratory at IBP and sustained
burns and injuries when a bottle of nitric acid broke. After sustaining the injuries,
Alashmawi read the 30-plus page WISP plan and signed the acceptance and waiver. 
According to the plan, Alashmawi's voluntary participation began when he signed the post-injury waiver. In exchange for being able to participate in the no-fault program, an injured
employee agrees not to bring a civil action against IBP. The waiver signed by Alashmawi
provided:

 I have been injured at work and want to apply for payments offered by IBP
to me under its Workplace Injury Settlement Program. To qualify, I
understand I must accept the rules of the Program. I have been given a
copy of the Program Summary. I accept the Program.


 I understand I am giving up the right to sue the Company and perhaps others
because of my injury. I understand that the Company would not be able to
use certain common law defenses against me, but that the Company would
never pay anything until a court decided that the Company caused my injury
since the Company does not provide benefits under the Texas Workers'
Compensation laws. I am giving up any right I or any family member have
to sue either the Company or anyone for whom the Company is responsible
in exchange for being able to participate in the Program.

 After Alashmawi received some medical care and benefits under WISP, and
notwithstanding his execution of the acceptance and waiver, approximately six months
later, he filed suit against IBP seeking to recover for his personal injuries at common law,
and among other things, seeking to set aside his execution of the waiver on common law
grounds of fraud, duress, and undue influence. (4) See Lambert v. Affiliated Foods, Inc., 20
S.W.3d 1 (Tex.App.--Amarillo 1999), aff'd, 44 Tex. Sup. Ct. J. 555, 2001 WL 299542
(March 29, 2001). After IBP's first motion for summary judgment was denied, Alashmawi
filed his third amended petition, reasserting his original claims and also contending for the
first time that (1) by having him execute the acceptance and waiver, IBP violated section
32.46 of the Texas Penal Code, thereby vitiating the applicability of the cap as to punitive
damages, and also alleged (2) that the consideration for the acceptance and waiver failed,
at least in part. This amended pleading prompted IBP to file its second motion for
summary judgment.

 After referencing Alashmawi's new claims that section 32.46 of the Penal Code
applied to vitiate the cap on punitive damages and alleging failure of consideration for the
acceptance and waiver, in whole or part, by paragraph 4 of its second motion, IBP
asserted:

 4. IBP has filed this Motion for Partial Summary Judgment because, as to
these new claims of Plaintiff, there exists no genuine issue of any material
fact. Furthermore, these new claims further illustrate the applicability of
Defendant's previously plead defenses that Plaintiff failed to exhaust the
available administrative remedies under IBP's ERISA governed Workplace
Injury Settlement Program, and that Plaintiff's claims are preempted by
ERISA.


(Emphasis added). IBP concluded its second motion requesting that the trial court grant
summary judgment:


 as to Plaintiff's claims under § 32.46 of the Texas Penal Code,

 in the alternative as to all of Plaintiff's claims for failure to exhaust his
administrative remedies under the WISP,

 in the alternative, as to all of Plaintiff's claims on the basis of ERISA
preemption.




Despite the language in IBP's motion for partial summary judgment, the trial court's order
recites that it reconsidered the first motion for summary judgment together with the second
motion and "is of the opinion that the Motions for Summary Judgment should be granted
as to all claims asserted by Plaintiff." (5) Following the Supreme Court's most recent opinion
addressing finality of summary judgments, we have jurisdiction to consider this appeal. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191 (Tex. 2001). Thus, we proceed with our
analysis and consider only such theories in support of or in opposition to the motions
which were presented in writing and considered by the trial court. Travis v. City of
Mesquite, 830 S.W.2d 94, 99-100 (Tex 1992); Casso v. Brand, 776 S.W.2d 551, 553 (Tex.
1989). Because IBP's motions presented combination traditional and no-evidence motions
for summary judgment, we will discuss the appropriate standards of review; but first, we
must determine which law controls for purposes of our review. 

 ERISA: What Law Controls


 We begin our analysis by considering sub-issue six, by which Alashmawi contends
that IBP did not establish as a matter of law that his state law claims and contract defenses
were preempted by ERISA. We agree. ERISA was enacted in 1974 as a comprehensive
statute designed to promote the interest of employees and their beneficiaries in
employment benefit plans. Shaw v. Delta Airlines, Inc., 463 U.S. 85, 90, 103 S.Ct. 2890,
2896, 77 L.Ed.2d 490 (1983). Among other things, it imposes participating, funding, and
vesting requirements on pension plans and sets various uniform standards, including rules
concerning reporting disclosure and fiduciary responsibility for both pension and welfare
plans. Congress also provided that a participant or beneficiary of a plan may bring a civil
action to enforce an ERISA plan, 29 U.S.C. § 1132, and an action filed in state court may
be removed to federal court under 28 U.S.C. § 1446. Hook v. Morrison Milling Co., 38
F.3d 776, 779 (5th Cir. 1994). Although ERISA preemption was not raised in Martinez v.
IBP, Inc., 961 S.W.2d 678 (Tex.App.--Amarillo 1998, pet. denied), and IBP did not seek
to remove this proceeding to federal court, IBP now contends that Alashmawi's claims
designated above are preempted by 29 U.S.C. § 1144(a) which provides: 

 § 1144. Other laws. 

 (a) Supersedure; effective date

 Except as provided in subsection (b) of this section the provisions of this
subchapter and subchapter III of this chapter shall supersede any and all
State laws insofar as they may now or hereafter relate to any employee
benefit plan described in section 1003(a) of this title and not exempt under
section 1003(b) of this title. This section shall take effect on January 1,
1975.

 


 IBP argues that ERISA preempts all claims including Alashmawi's claims of fraud, duress,
and declaratory judgment relief because all such claims "relate to" WISP. 

 Because the question of preemption of Texas law is a question of ascertaining the
intention of Congress and presents a question of federal law, we first consider cases from
the Fifth Circuit. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 111 S. Ct. 478, 482, 112
L.Ed.2d 474 (1990). In Hook, the court held that Hook's unsafe workplace claim was
"totally independent from the existence and administration of" the ERISA plan. 38 F.3d at
784. Although the court was of the opinion that a breach of contract claim was "clearly
preempted because it was a claim for benefits," it also held that the claim for negligent
misrepresentation was not preempted "because it neither sought benefits under the plan
nor alleged improper processing of benefits." Id. A few months after the decision in Hook,
the court again held that an employee's common law occupational injury claim did not
relate to an employer's ERISA plan. Texas Health Enterprises, Inc. v. Reece, 44 F.3d 243,
245 (5th Cir. 1994). Then, in Smith v. Texas Children's Hosp., 84 F.3d 152,155 (5th Cir.
1996), the court held that even though ERISA preempted Smith's claim for benefits, her
fraudulent-inducement claim was not based solely upon the ERISA plan and the
preemption statute did not apply. 

 The parties do not cite any decision by the Texas Supreme Court deciding this 
question of ERISA preemption; however, in Gorman v. Life Ins. Co. of North America, 811 
S.W.2d 542 (Tex. 1991), the Court discusses some of the aspects of ERISA preemption
and the concurrent jurisdiction of certain claims among state and federal courts. Two 
decisions by sister courts of appeal are consistent with the three decisions of the Fifth
Circuit Court. Beverly Enterprises v. Leath, 829 S.W.2d 382 (Tex.App.--Waco 1992, no
pet.); Keifer v. Spring Shadows Glen, 934 S.W.2d 785 (Tex.App.--Houston [1st Dist.] 1996,
writ denied). In Beverly, Leath sued her non-subscriber former employer for personal
injuries sustained in a work-related injury and recovered an award for actual and punitive
damages. 829 S.W.2d at 384. In denying the employer's contention that Leath's claim
was preempted by ERISA, the court held that the action by the former employee for
common law rights did not "relate to" any ERISA plan. Id. at 384-85. Four years later, in
Keifer, the court cited Hook and reversed a summary judgment in favor of a non-subscriber
employer and held that a common law negligence suit against an employer does not
"relate to" the employer's ERISA plan. 934 S.W.2d at 787-88. Similar to decisions holding
that whether the parties contracted to arbitrate is controlled by state contract law, we also
conclude that section 1144(a) does not preempt Alashmawi's common law negligence suit
against IBP. See In Re Copeland, No. 06-00-00159-CV, 2001 Tex.App. LEXIS 3119, at
*4-5 (Tex.App.-Texarkana May 15, 2001, no pet. h.); Progressive Cas. v. C.A.
Reaseguradora Nacional, 991 F.2d 42, 46 (2nd Cir. 1993). Sub-issue six is sustained. 
Having determined that Texas law is controlling, we set forth the appropriate standards of
review for summary judgments.

 STANDARDS OF REVIEW


Traditional Motion



 In reviewing a summary judgment, this Court must apply the standards established
in Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985), which are:

 1. The movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law.


 2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as
true.


 3. Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor.



 For a party to prevail on a motion for summary judgment, he must conclusively
establish the absence of any genuine question of material fact and that he is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all
essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate
at least one essential element of the non-movant's cause of action. Randall's Food
Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has
established a right to summary judgment, the non-movant has the burden to respond to the
motion for summary judgment and present to the trial court any issues that would preclude
summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678
(Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.]
1996, writ denied). Issues which the non-movant contends preclude the granting of a
summary judgment must be expressly presented to the trial court by written answer or
other written response to the motion and not by mere reference to summary judgment
evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). 
Issues not expressly presented to the trial court in writing shall not be considered on
appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support
of or in opposition to a motion for summary judgment must be presented in writing to the
trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). When a summary judgment
does not specify or state the grounds relied on, the summary judgment will be affirmed on
appeal if any of the grounds presented in the motion are meritorious. Carr v. Brasher, 776
S.W.2d 567, 569 (Tex. 1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407,
410 (Tex.App.--Houston [1st Dist.] 1990, no writ).

No-Evidence Motion


 Where a motion is presented under Rule 166a(i) asserting there is no evidence of
one or more essential elements of the non-movant's claims upon which the non-movant
would have the burden of proof at trial, the movant does not bear the burden of
establishing each element of its own claim or defense as under subparagraph (a) or (b). 
Rather, although the non-moving party is not required to marshal its proof, it must present
evidence that raises a genuine fact issue on the challenged elements. See Tex. R. Civ.
P. 166a, Notes and Comments; Roth v. FFP Operating Partners, 994 S.W.2d 190,195
(Tex.App.--Amarillo 1999, pet. denied). 

 Because a no-evidence summary judgment is essentially a pretrial directed verdict,
we apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment as we apply in reviewing a directed verdict. Jackson v. Fiesta Mart, Inc., 979
S.W.2d 68, 70 (Tex.App.--Austin 1998, no pet.). Thus, our task as an appellate court is
to ascertain whether the non-movant produced any evidence of probative force to raise a
fact issue on the material questions presented. Id. We consider all the evidence in the
light most favorable to the party against whom the no-evidence summary judgment was
rendered, disregarding all contrary evidence and inferences. Merrill Dow Pharmaceuticals
v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, 523 U.S. 1119, 118 S.Ct. 1799,
140 L.Ed.2d 939 (1998). A no-evidence summary judgment is improperly granted if the
non-movant presents more than a scintilla of probative evidence to raise a genuine issue
of material fact. Fiesta Mart, Inc., 979 S.W.2d at 70-71. More than a scintilla of evidence
exists when the evidence "rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions." Havner, 953 S.W.2d at 711.

Negligence Claims


 Next, we consider Alashmawi's first sub-issue, by which he contends there was
more than a scintilla of evidence raising a genuine issue of material fact on all challenged
elements of his claim for negligence. We disagree. By his live pleading, Alashmawi
asserted that he was attempting to record the date a shipment of acid was received on a
bottle when the bottle imploded and caused acid to spill and burn him. By his pleadings,
without referencing any statutes, he alleged that:

 IBP owed a legal duty to . . . provide him with a safe workplace . . . . IBP
breached that duty . . . in many ways . . . .


(Emphasis added). (6) 

 The first motion for summary judgment of IBP was a combination traditional and no-evidence motion. (7) Under its "No-Evidence Motion" topic, and as material to this issue, IBP
alleged that it was entitled to summary judgment on Alashmawi's negligence claims
because there was no evidence that:

 a. any negligent act or omission on the part of IBP proximately caused any
of Plaintiffs' [sic] alleged injuries.


 b. IBP was negligent in furnishing a workplace with conditions known to
cause, or to be associated with such injuries.


 c. IBP breached any duty owing to Plaintiff, thereby causing Plaintiff's
injuries.


 d. The conduct of IBP caused an event and that this event caused Plaintiffs
[sic] to suffer injury or injuries for which he now sues.


 e. IBP did, in fact, cause Plaintiffs' [sic] injuries.


Although Alashmawi did not allege any statutory grounds for his action, on appeal he
attempts to expand his contentions by asserting that section 411.103 of the Texas Labor
Code Annotated (Vernon 1996) created multiple duties. However, the issues at trial are
defined by the pleadings and a party relying upon a statutory duty in a negligence suit
should plead the statute. Murray v. O & A Express, Inc., 630 S.W.2d 633, 636 (Tex. 1982);
see also Ely v. General Motors Corp., 927 S.W.2d 774, 782 (Tex. App.--Texarkana 1996,
writ denied) (holding that because the non-movant did not "plead or cite any facts or law
giving rise to a fiduciary duty," the trial court did not err in granting summary judgment). 
Accordingly, we do not consider section 411.103 of the Texas Labor Code in our analysis. 

 In Werner v. Colwell, 909 S.W.2d 866, 869 (Tex. 1995), the Court recognized that
although an employer is not an insurer of the safety of its employees at work, the employer
does have a duty to use ordinary care in providing a safe workplace. Under former article
5182a, section 3, (8) the duty to provide a safe place to work was confined to the
construction, physical condition, and equipment of the premises, but did not cover injuries
caused by acts of fellow employees. Horton v. Montgomery Ward & Co., Inc., 827 S.W.2d
361, 370 (Tex.App.--San Antonio 1992, pet. denied); see also Gonzales v. Lubbock State
School, 487 S.W.2d 815, 817 (Tex.Civ.App.--Amarillo 1972, no writ). Also, this Court has
held that the existence of an unsafe workplace may not be presumed from the fact that an
injury occurred in the workplace, but instead, there must be proof that the alleged omission
or defect was negligence. Allsup's Convenience Stores v. Warren, 934 S.W.2d 433, 436
(Tex.App.--Amarillo 1996, writ denied).

 Alashmawi presents six single-spaced paragraphs of summary judgment evidence
to support his contention. Initially, we note that Alashmawi did not plead the facts that he
claimed gave rise to the ten duties he alleged. Although he recognizes that he had the
burden to present evidence creating a fact question regarding (1) the existence of a legal
duty, (2) a breach of that duty, and (3) damages caused by the breach, he does not cite
any authorities (9) supporting his multiple duty claims, and he does not organize and present
the evidence in a manner to demonstrate his contentions that he presented some evidence
creating a genuine fact issue on the element of causation of each claim challenged by the
no-evidence motion of IBP. Moreover, according to a letter from his physician submitted
as part of his summary judgment evidence, Alashmawi had "his protective clothes and
smock on" when the acid spilled. Also, the six paragraphs referenced by Alashmawi do
not present any evidence suggesting that IBP had a duty to warn or train him, (10) a college
trained chemist, and do not address or identify any alleged non-compliance with the
Occupational Safety and Health Act and the American National Standards Institute
regulations. (11) Considering that a vital fact, essential to establishing legal elements for
recovery may not be established by "piling inference upon inference," and considering the
summary judgment evidence as presented by Alashmawi, we conclude the trial court did
not err in granting IBP's no-evidence motion for summary judgment as to Alashmawi's
negligence claims. Schlumberger Well Sur. Corp. v. Nortex Oil & G. Corp., 435 S.W.2d
854, 858 (Tex. 1968); Roth, 994 S.W.2d at 197. Sub-issue one is overruled. Our
disposition of this issue pretermits our consideration of sub-issues two, three, and four and
renders them moot. Tex. R. App. P. 47.1. 

Section 32.46 and Contract Claims, and Administrative Remedies


 In its second motion for summary judgment, among other things, IBP alleged as
grounds that:

 17. Plaintiff is not entitled to punitive damages or to escape the application
of the punitive damages cap by virtue of a violation of § 32.46 of the Texas
Penal Code.


 18. Plaintiff has not pled an ERISA cause of action.


 19. Plaintiff's claims under § 32.46 of the Texas Penal Code are preempted
by ERISA. 


 20. Plaintiff's claims of failure of consideration are preempted by ERISA.

Then, by its paragraph entitled "No-Evidence Motion," IBP contended that it was entitled
to summary judgment as to Alashmawi's claims for failure of consideration and section
32.46 claims. These questions require an examination of the pleadings. 

 In Moore v. Ham, 342 S.W.2d 825, 826 (Tex.Civ.App.--Amarillo 1961, no writ), we
held that the character or nature of an action is determined by the facts stated in the
petition and the relief sought. Later, in Murray v. O & A Express, Inc., 630 S.W.2d 633,
636 (Tex. 1982), the Court observed that the "office of pleadings is to define the issues"
and that pleadings should give fair notice of the facts the basis of the claim. (12) Summary
judgment practice does not ignore pleadings; to the contrary, Rule 166a(c) provides in
part:

 The judgment sought shall be rendered forthwith if (i) the deposition
transcripts . . . and other discovery responses referenced . . . and (ii) the
pleadings, admissions . . . show that, except as to the amount of damages,
there is no genuine issue . . . .


(Emphasis added). Gorman demonstrates that when a question of preemption by ERISA
is presented, the claimant's pleadings must be carefully reviewed and analyzed in order
to determine questions of preemption, jurisdiction, and the choice of law to be applied. 
811 S.W.2d at 544-45. As explained in Gorman, state courts and federal courts have
concurrent jurisdiction over some claims covered by sections 1132(a)(1)(B) and (e) of
ERISA and any other ERISA civil actions are within the exclusive jurisdiction of the federal
courts. Id. at 546-47; see also Manahan v. Meyer, 862 S.W.2d 130, 133-34 (Tex.App.--Houston [1st Dist.] 1993, writ denied). Gorman also illustrates that where applicable,
ERISA preempts recovery of punitive damages and mental anguish claims. 811 S.W.2d
at 548-49. As demonstrated by Hook and other cases cited herein, some claims may not
implicate ERISA. 38 F.3d at 779. Accordingly, determining whether an ERISA issue is
presented requires a heightened emphasis of the claimant's pleadings. 

 By his seventh sub-issue and part of his third sub-issue, Alashmawi addresses his
contract claims. Conceding that ERISA applies to preempt his alternative claim for breach
of contract, he nevertheless contends the trial court had jurisdiction over the claim. By his
third sub-issue, Alashmawi also addresses IBP's claim that he did not exhaust his
administrative remedies, and by his fifth sub-issue, contends that summary judgment was
improper as to his claim under section 32.46 of the Texas Penal Code that an award of
punitive damages should not be capped by section 41.008(b) of the Texas Civil Practice
and Remedies Code Annotated (Vernon 1997); see also § 41.008(c)(11). Because these
sub-issues present common questions as to the sufficiency of Alashmawi's pleadings and
whether summary judgment was appropriate, we will consider them together.

 Alashmawi's contract claims were presented in his third amended petition as
follows:

 14. Alternatively, Breach of Contract: In the alternative, if the "acceptance
and waiver " is enforceable, IBP materially breached the contract. 
Therefore, Mr. Alashmawi may recover damages from IBP or rescind the
contract.


 15. Alternatively, Failure of Consideration: The consideration for the
"acceptance and waiver" failed at least in part.



Without presenting his multiple claims by separate counts as permitted by Rules 48 and
49 of the Texas Rules of Civil Procedure, and after alleging ten acts of negligence, a claim
of malice, separate claims of duress, undue influence, and fraud, Alashmawi alleged that
under section 32.46 of the Texas Penal Code, punitive damages should not be capped
pursuant to section 41.008(b) of the Texas Civil Practice and Remedies Code.

 IBP described the contract claims as "ill-defined and unusual." Likewise, we are
unable to determine the basis of the alleged contract claims, and therefore, are unable to
determine whether ERISA is implicated; and, if so, whether the claims are subject to state
and federal concurrent jurisdiction, or whether the claims fall within the exclusive
jurisdiction of the federal courts. Similarly, from these pleadings, we are also unable to
determine whether the claim for exemplary damages and the allegation regarding section
32.46 of the Texas Penal Code relates to Alashmawi's state law action for negligence or
to his claim under contract, which he acknowledges is subject to ERISA and which may
require him to exhaust contractual administrative remedies. Notwithstanding these
pleading deficiencies, IBP did not present any special exceptions to Alashmawi's
allegations. Whether pleadings fail to state a cause of action may not be determined by
summary judgment. Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983). A
party should be given the opportunity to amend after special exceptions have been
sustained. Hartsfield v. Wisdom, 843 S.W.2d 221, 224 (Tex.App.--Amarillo 1992, writ
denied). Accordingly, summary judgment on the contract and section 32.46 claims was
improper and to that extent only sub-issues five and seven are sustained. However,
because of the deficiencies of Alashmawi's pleadings, we express no opinion on that
portion of sub-issue three regarding exhaustion of administrative remedies, nor sub-issue
five regarding the merits of the contract and section 32.46 claims.

 Accordingly, that portion of the judgment that Alashmawi take and recover nothing
against IBP on his common law action for negligence is affirmed and severed from the
other portion of the judgment which is reversed and remanded; however, as to all other
portions of the judgment denying Alashmawi's claims, including his contract and section
32.46 claims, the judgment is reversed and the cause is remanded to the trial court for
further proceedings consistent with this opinion. 


 Don H. Reavis

 Justice

 


Publish.
1. See Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).
2. Effective February 1, 1991 (republished May 1, 1995, as amended).
3. Employee Retirement Income Security Program, 29 U.S.C. §§ 1001-1461 (West
1999).
4. By his original petition, Alashmawi (a) alleged negligence against IBP, (b) alleged
negligence, per se, (c) sought a declaratory judgment regarding the validity of the signed
acceptance and waiver, (d) alleged rescission of the acceptance and waiver on the basis
of duress, undue influence, fraud, and lack of capacity, and (e) sought punitive damages.
5. Except for his responses in opposition to IBP's motions for summary judgment, 
Alashmawi did not present any exceptions or objections to IBP's motions for summary
judgment to the trial court in writing and does not present any issue here regarding the trial
court's reconsideration of IBP's first summary judgment after he had amended his
pleadings. 
6. (a) failure to train, (b) using uncoated bottles, (c) failing to warn, (d) failing to
provide safety equipment, (e) failing to install devices and safeguards, (f) failing to hold
adequate safety meetings, (g) failing to render proper aid, (h) failing to comply with
statutes for workplace safety, (i) failure to comply with OSHA and ANSI, and (j) failure to
provide safe workplace. 
7. In Grant v. Southwestern Elec. Power Co., 20 S.W.3d 764, 768 n.1
(Tex.App.-Texarkana 2000, no pet.), the court noted that although the rules do not prohibit
a combination traditional and no-evidence motion for summary judgment, the better
practice is to file separate motions.
8. See Act of May 27, 1985, 69th Leg., R.S., ch. 931, art. 11, § 1 1985 Tex. Gen.
Laws 3150, repealed by, Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 9.54(c) 1995 Tex.
Gen. Laws 656, 657.
9. Sullivan v. Bickel & Brewer, 943 S.W.2d 477, 486 (Tex.App.--Dallas 1995, pet.
denied).
10. No duty to warn where matter was common knowledge to worker in a products
case. See Sauder Custom Fabrication, Inc. v. Boyd, 967 S.W.2d 349, 351 (Tex. 1998).
11. No argument or authorities are submitted regarding OSHA and ANSI claims. See
Sullivan v. Bickel & Brewer, 943 S.W.2d 477, 486 (Tex.App.-Dallas 1995, pet. denied).
12. Pleadings also assist the court to define and identify the claims or defenses of the
parties.