**Mary Alice FARRELL, Appellant,**

v.

**Gary CROSSLAND, Appellee.**

**No. 08-85-00211-CV.**

Court of Appeals of Texas, El Paso.

March 5, 1986.

James T. Allen, Johnson, Allen, Serwatka & Peterson, P.C., El Paso, for appellant.

Marshall I. Yaker, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

This appeal is from the granting of a summary judgment denying all relief in a bill of review case. The judgment was based upon a pleading defect, but no issue was raised in the trial court about the summary judgment serving the purpose of a special exception. We affirm.

In August, 1982, a judgment was entered against Mary Alice Farrell for $45,603.50 plus attorney's fees of $6,840.00 in the 34th Judicial District Court of El Paso County. In February, 1983, Mary Farrell filed what purported to be a bill of review in the 41st Judicial District Court of El Paso County. The pleading was amended in April, 1983, and in June, 1983, an injunction was issued after a holding that the August, 1982, judgment was void. On appeal, this Court dismissed the case because the order granting the bill of review was not a final judgment. We also noted the proceedings were in the wrong court. Subsequently the case was transferred to the 34th Judicial District Court.

Gary Crossland filed a motion for summary judgment in the 34th District Court asserting that the bill of review failed to contain the essential elements of a bill of review. The motion asserted that the bill of review "failed to plead that Plaintiff was prevented from filing an appeal or from making her defense therein by fraud, accident, or wrongful act of Defendant. The Bill of Review further failed to allege that the failure to appeal or plead a defense was unmixed with any fault or negligence on the part of Plaintiff or her attorney." The Appellant, being the nonmovant in the trial court, filed no response or reply to the motion for summary judgment. The court granted summary judgment after finding "the Plaintiff's pleadings for a Bill of Review are deficient, * * *."

■ By a single point of error, the Appellant contends the trial court erred in granting the summary judgment. Where a nonmovant has filed no response to a motion for summary judgment as provided for in Rule 166–A(c), Tex.R.Civ.P., only two issues may be raised on appeal. *Menchaca v. Menchaca*, 679 S.W.2d 176 (Tex.App.—El Paso 1984, no writ). First, the nonmovant may attack the legal sufficiency of the grounds raised in the motion for summary judgment. *City of Houston v. Clear*

*Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Harvey v. Alexander,* 671 S.W.2d 727 (Tex.App.—Fort Worth 1984, no writ). Second, a nonmovant may also urge that the movant's proof was insufficient to establish as a matter of law the specific grounds relied upon by the movant. *Fantastic Homes, Inc. v. Combs,* 596 S.W.2d 502 (Tex.1979); *Duke v. Merkin,* 599 S.W.2d 877 (Tex.Civ.App.—El Paso 1980, no writ).

The rule is also well established that a motion for summary judgment may not be used as a substitute for a special exception where there is a, pleading defect. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974); *Massey v. Armco Steel Company,* 652 S.W.2d 932 (Tex.1983); *Bayouth v. Lion Oil Company,* 671 S.W.2d 867 (Tex.1984). But, on appeal from a summary judgment, only the issues raised in the trial court may be raised on appeal. *City of Houston v. Clear Creek Basin Authority,* supra; *Zarges v. Bevan,* 652 S.W.2d 368 (Tex.1983); D. Hittner, Summary Judgments in Texas, 22 Hous.L. Rev. 1109 at 1125 (1985). The Appellant having filed no response to the motion for summary judgment and the case not being one which was based upon summary judgment proof, we will only consider the issue of whether the legal sufficiency of the grounds raised in the motion for summary judgment was adequate to support the entry of summary judgment for the Appellee.

In order to be entitled to a bill of review, the Appellant was required to allege (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which she was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of her own. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950); *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240 (Tex.1974); *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex.1979). The second requirement has been qualified where reliance was placed upon erroneous official information given by a court official which prevented the filing of a motion

for new trial. *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964); *Gracey v. West,* 422 S.W.2d 913 (Tex.1968).

In the original suit, Mary Farrell was represented by counsel. He approved the form of judgment before it was entered against his client. The first amended petition for bill of review does allege as a meritorious defense that the indemnity agreement relied upon to obtain judgment was procured through fraud and misrepresentations, although it does not allege any facts to substantiate those conclusions.

There is no allegation that Mary Farrell was prevented from making that defense in the original suit by the fraud, accident or wrongful act of Gary Crossland and there was no allegation that the failure to assert the alleged defense was not the fault or result of the negligence of Mary Farrell. The pleading did not meet all the requirements of a bill of review. There being no complaint in the trial court that the attack upon the pleading defect came in the form of a motion for summary judgment rather than a special exception, we overrule Point of Error No. One.

The judgment of the trial court is affirmed.

WARD, J., not sitting.