

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00227-CV

LOU ANNE PERKINS                                                      APPELLANT

V.

BARRY HICKS D/B/A SUNSHINE                                            APPELLEE
REMODELING

----------

### FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 15-09007-362

----------

## MEMORANDUM OPINION[1]

----------

Lou Anne Perkins sued "B[a]rry Hicks d/b/a Sunshine Remodeling" for negligence, breach of contract, and breach of warranties.[2] Hicks moved for summary judgment, arguing that Perkins did not file her negligence claim within

---

[1]*See* Tex. R. App. P. 47.4.

[2]Perkins sued various other people and entities, but none is a party to this appeal, and so we discuss only Perkins's claims against Hicks.

the two-year limitations period and that Perkins had contracted with Sunshine Sunrooms, Inc., not with Hicks personally, on her two remaining claims. The trial court granted Hicks's motion.

Perkins appealed. In three issues, she argues that the trial court erred because (1) Hicks was the proper party to sue, (2) even if Hicks was not the proper party, Hicks failed to file special exceptions, and (3) there were genuine factual issues on her claims.[3]

Holding that Perkins sued the wrong party on her breach-of-contract and breach-of-warranties claims, we affirm the trial court's judgment as to them. Holding that Perkins filed her negligence claim within the two-year limitations period, however, we reverse the trial court's judgment as to that claim and remand the case to the trial court.

**Background**

According to Perkins's live pleading, when Perkins discovered water damage in her master bedroom, she contacted her insurance agent, who

---

[3]Hicks argues that Perkins, who wrote her "Appellant's First Amended Brief" pro se, waived all her complaints due to inadequate briefing. Perkins's pro se brief provides legal authorities and record references, and her reply brief, which counsel wrote, gives additional record references and citations to authorities. Construing Perkins's pro se and reply briefs liberally and in the interests of justice, we will consider her complaints on their merits. *See* Tex. R. App. P. 38.9 ("Briefing Rules to Be Construed Liberally"); *Evans v. Abbott*, No. 03-02-00719-CV, 2003 WL 22207219, at *1 n.2 (Tex. App.—Austin Sept. 25, 2003, no pet.) (mem. op.). But to the extent Perkins's reply brief raises additional issues, we do not consider them. *See In re. M.D.H.*, 139 S.W.3d 315, 318 (Tex. App.—Fort Worth 2004, pet. denied) (mem. op. on reh'g).

discouraged her from filing a claim but instead suggested that she use a contractor that he himself had used. Following her insurance agent's advice, "[Perkins] hired Defendant Sunshine Remodeling to repair the damage to her home." Dissatisfied with the work that was begun, Perkins then "requested that the employees of Sunshine Remodeling leave her home and not return."

Sunshine Remodeling, which Hicks's summary-judgment evidence established was a d/b/a of Sunshine Sunrooms, Inc. (a company wholly owned by Hicks), later sent Perkins a bill for $175 for the work it had begun before she asked its workers to leave. The invoice does not have Hicks's name anywhere on it—except arguably in the email address, barry@sunshinesunrooms.com, that is part of the invoice's header—and the unsigned signature block on Sunshine Remodeling's invoice to Perkins refers to "Sunshine Sunrooms, Inc." Perkins then sued Hicks individually, doing business as Sunshine Remodeling, for negligence, breach of contract, and breach of warranties. She filed her suit within the two-year limitations period for negligence but did not serve Hicks until about a year after that two-year period expired.

Hicks filed his original answer under the name "Barry Hicks d/b/a Sunshine Remodeling," exactly as Perkins had alleged. About two months later, however, he filed an amended answer as "Barry Hicks," denied any contractual privity between himself and Perkins, and denied individually selling Perkins any services.

3

A few days after filing his amended answer, Hicks moved for summary judgment and argued that Perkins had sued the wrong party on her breach-of-contract and breach-of-warranties claims. On her negligence claim, Hicks (mistakenly) relied on his date of service as the filing date, contending that Perkins had not filed her suit within the two-year limitations period.

In Perkins's summary-judgment response, relying on the $175 invoice from Sunshine Remodeling, she argued that she had properly sued Hicks individually and, relying on her filing date and not the service date, argued that she had timely sued. In her supporting affidavit, Perkins stated, "The bill [for $175] showed d/b/a as Sunshine Remodeling which is not listed as a corporation with the Secretary of State [and] therefore is not a corporation under Texas Law[;] therefore[,] Barry Hicks should not be dismissed from this case."

The trial court granted Hicks's motion and rendered summary judgment on all of Perkins's claims against Hicks.

**Standard of review**

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801,*

4

*Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant that conclusively negates at least one essential element of a plaintiff's cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010), *cert. denied*, 562 U.S. 1180 (2011); *see* Tex. R. Civ. P. 166a(b), (c).

## Breach of Contract

### A. Hicks establishes that Sunshine Remodeling is an assumed name for Sunshine Sunrooms, Inc. and is not an assumed name for him individually.

In Hicks's amended answer, he asserted, among other defenses, that "Perkins has no standing to bring causes of action against Hicks," that there was no privity of contract between Perkins and Hicks, and that Hicks individually did not sell services to Perkins.

Hicks then sought summary judgment along the same lines, arguing that there was no breach of contract because there was no contractual privity between him individually and Perkins. In his supporting affidavit, Hicks stated that he was the president and sole owner of Sunshine Sunrooms, Inc., which operated under the assumed name of Sunshine Remodeling. He also stated that he did not conduct business in his individual capacity or in his individual capacity doing business as Sunshine Remodeling.

5

**B. Perkins correctly points out that Hicks failed to file special exceptions, but Hicks correctly responds that Perkins did not object to his failure and thereby waived this complaint.**

In her pro se brief, Perkins complains that filing special exceptions, something Hicks did not do, is the proper way to challenge a pleading defect. Hicks responds that Perkins waived this complaint by not presenting it in the trial court.

It is true that the proper procedure for identifying and objecting to a defect in pleadings is to specially except rather than move for summary judgment. *See Friesenhahn v. Ryan*, 960 S.W.2d 656, 659 (Tex. 1998); *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990). But a plaintiff who fails to object waives this issue. *Dickey v. Jansen*, 731 S.W.2d 581, 583 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) ("'[T]here being no complaint in the trial court that the attack upon the pleading defect came in the form of a motion for summary judgment rather than special exception,' this matter could not be raised for the first time on appeal." (quoting *Farrell v. Crossland*, 706 S.W.2d 158, 160 (Tex. App.—El Paso 1986, writ dism'd)). Here, Perkins did not object in the trial court that Hicks should have specially excepted; instead, she raises this issue for the first time on appeal.[4] The issue was not properly preserved and is thus waived. *See id.*

---

[4]Perkins responded pro se to Hicks's motion for summary judgment.

**C. Perkins admits dealing with Sunshine Remodeling.**

In Perkins's second amended petition, she sued "Berry [sic] Hicks d/b/a Sunshine Remodeling," asserting that:

> 16. On or about October 19, 2013, [Perkins] called [her insurance agent] and requested to make a claim again. Again she was told not to make a claim. Instead, he recommended [Perkins] contact a contractor he knew who could fix the water damage. Defendant Sunshine Remodeling Company came out to the property between October 20, 2013 and November 4, 2013. [Perkins] hired Defendant Sunshine Remodeling to repair the damage to her home. They failed to properly make repairs and failed to make any effort to contain the damage found in the [bedroom]. Eventually, [Perkins] requested that the employees of Sunshine Remodeling leave her home and not return. While there, Sunshine Remodeling Company exposed interior walls with water damage and did not make any attempt to contain the damage. The result was further damage to [Perkins's] home.

Hicks contends this constitutes a judicial admission that Perkins contracted with "Sunshine Remodeling."

"Admissions in trial pleadings are judicial admissions in the case in which the pleadings are filed; the facts judicially admitted require no proof and preclude the introduction of evidence to the contrary." *In re A.E.A.*, 406 S.W.3d 404, 410 (Tex. App.—Fort Worth 2013, no pet.). "This rule is based on the public policy that it would be absurd and manifestly unjust to permit a party to recover after he has sworn himself out of court by a clear and unequivocal statement." *Id.*

We agree with Hicks that Perkins's own petition constitutes an admission that she dealt with Sunshine Remodeling. But the question remains: Who or what is Sunshine Remodeling?

7

**D. Sunshine Remodeling is not a corporation.**

In the affidavit Perkins filed in support of her response to Hicks's summary-judgment motion, she stated that "Sunshine Remodeling . . . is not listed as a corporation with the Secretary of State."[5] By definition, an assumed name for a corporation is "a name other than the name stated in [the corporation's] certificate of formation or a comparable document." *See* Tex. Bus. & Com. Code Ann. § 71.002(2)(F) (West 2015). We are not persuaded that simply because Sunshine Remodeling does not show up as a corporation that it necessarily follows that Sunshine Remodeling is an assumed name for Hicks. The only thing Perkins showed was the uncontested fact that Sunshine Remodeling was not incorporated.

Significantly, Perkins does not state whether she ever searched for an assumed-name certificate. Under the business and commerce code, "[a] corporation . . . must file a certificate . . . if the entity . . . regularly conducts business or renders professional services in this state under an assumed name." *Id.* § 71.101(1) (West 2015). And even if an entity does not file an assumed-

---

[5]Hicks objected to this statement in Perkins's affidavit. Nothing in the record shows that the trial court considered or ruled on Hicks's objection. *See Towncreek Indus., LLC v. Wells Fargo Bank, N.A.*, No. 02-15-00393-CV, 2016 WL 6305257, at *4 (Tex. App.—Fort Worth Oct. 27, 2016, no pet.) (mem. op.) (stating that objections to summary-judgment evidence arguably not preserved where record did not show trial court considered or ruled on them). We note that in Perkins's response proper, she asserts that "Sunshine Sunrooms, Inc. . . . is not a corporation according to the Secretary of State, [so she] dealt with Barry Hicks as an individual." But in her affidavit, she switches from "Sunshine Sunrooms, Inc." to "Sunshine Remodeling" for this proposition.

8

name certificate, if evidence shows that the entity was doing business under another name, it may be held liable. *Broemer v. Houston Lawyer Referral Serv.*, 407 S.W.3d 477, 482 (Tex. App.—Houston [14th Dist.] 2013, no pet.). So if Sunshine Sunrooms, Inc. had filed an assumed-name certificate, it would have definitively answered the question of who was doing business as Sunshine Remodeling. Conversely, even if Sunshine Sunrooms, Inc. had not filed an assumed name certificate, it would not have definitively resolved the issue in Perkins's favor. That is because both individuals and corporations can do business under assumed names. *See* Tex. Bus. & Com. Code Ann. § 71.002(2)(A), (F).

**E. Sunshine Remodeling is an assumed name (or d/b/a).**

In Perkins's live petition, she asserts: "Defendant Berry [sic] Hicks d/b/a Sunshine Remodeling entered into a contract with [Perkins] to [fix] the damage in her home." By this allegation, Perkins has judicially admitted that she was aware that Sunshine Remodeling was an assumed name. *See A.E.A.*, 406 S.W.3d at 410. Both sides thus agree that "Sunshine Remodeling" was a "doing business as," or an assumed name. *See* Tex. Bus. & Com. Code Ann. § 71.002(2); *Dall. Cty. Flood Control Dist. No. 1 v. Cross*, 815 S.W.2d 271, 273 n.3 (Tex. App.—Dallas 1991, writ denied) ("D/b/a means 'doing business as'. A d/b/a is an assumed name for a business."). The next question is: For whom or what is Sunshine Remodeling an assumed name?

9

**F. Perkins's own summary-judgment evidence does not show that she contracted with Hicks individually but, instead, shows she contracted with a business using the names Sunshine Sunrooms, Inc. and Sunshine Remodeling.**

In her response to Hicks's summary-judgment motion, Perkins states unequivocally that she had a valid contract with Hicks and attached as proof the $175 invoice she received.

The caption on that invoice identifies "Sunshine Remodeling," and immediately below the caption are the company's website and contact information:

- www.sunshinesunrooms.com

- email: barry@sunshinesunrooms.com

The signature line on page 2 of the invoice is for "Sunshine Sunrooms, Inc." Nothing on this document shows contractual privity with Hicks.

Perkins argues that she did not know for whom Hicks worked until she received that invoice. That may well be: when Sunshine Remodeling's employees showed up and started work, Perkins had not signed a contract.[6] Although Perkins asserts that she thought she was dealing with Hicks individually, this is conclusory, consisting of her subjective belief, which is not

---

[6]Hicks asserts that he gave Perkins a proposed contract bearing the same identifying information as the invoice for $175 before any work started, but Perkins denies it. We thus examine only the $175 invoice, which Perkins herself relies on for summary-judgment evidence.

enough to raise a fact issue. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

And when Perkins received the invoice for $175, she was certainly put on notice then that Hicks was affiliated with or worked for some form of business acting under "Sunshine Remodeling" that was somehow affiliated with "Sunshine Sunrooms, Inc." Although the "barry" in the email address undoubtedly refers to Hicks, the remainder of the email address identifies "sunshinesunrooms." Nothing in the invoice suggests that Sunshine Remodeling is an assumed name for Hicks, nor does his full name appear anywhere on the invoice. Regardless of what Perkins thought before receiving this invoice, she had this information before she sued Hicks. Her own summary-judgment evidence rebuts her assertion that she was dealing with Hicks individually.

## G. Perkins misidentified—she did not simply misname—the identity behind the assumed name.

"A misnomer occurs when the plaintiff misnames . . . the correct defendant, but the correct parties are actually served." *Diamond v. Eighth Ave. 92, L.C.*, 105 S.W.3d 691, 695 (Tex. App.—Fort Worth 2003, no pet.). When the plaintiff does not merely misname the correct defendant but files suit against and serves the wrong party entirely, misnomer does not apply. *Id.*

"Misidentification occurs when two separate legal entities with similar names actually exist and the plaintiff sues the wrong one because she is mistaken about which entity is the correct defendant." *Id.* "In cases of

11

misidentification where the wrong legal entity is sued, the limitation period may be equitably tolled if the plaintiff can prove that the proper defendant was not prejudiced by the mistake in pleading." *Id.*

Hicks asserts that Perkins sued the wrong party—that is, that she misidentified the correct defendant—because Sunshine Remodeling is Sunshine Sunroom, Inc.'s assumed name, not his. Hicks provided summary-judgment evidence supporting his position that he has never individually done business as Sunshine Remodeling but that Sunshine Sunrooms, Inc., has. Perkins has not produced any controverting summary-judgment evidence.

## H. A plaintiff must sue the correct party behind the assumed name.

The rules of civil procedure permit suing a business in its assumed name. Tex. R. Civ. P. 28. "Rule 28 is predicated on the notion that a case has already commenced against the proper party, but the party's legal name is incorrect." *Molinet v. Kimbrell*, 356 S.W.3d 407, 412 (Tex. 2011). "Of course, at some point before judgment, the plaintiff must amend the petition to add the correct legal name of the actual defendant." *Chilkewitz v. Hyson*, 22 S.W.3d 825, 829 (Tex. 1999).

But Perkins did not sue "Sunshine Remodeling," whoever or whatever that might be; rather, she sued "Berry [sic] Hicks d/b/a Sunshine Remodeling." That is, she sued Hicks individually under the assumed name of Sunshine Remodeling and has never sued Sunshine Sunrooms, Inc., d/b/a Sunshine

12

Remodeling. Despite Hicks's having identified Sunshine Sunrooms, Inc. as the proper party, Perkins did not seek to include it in her lawsuit.

Suing the wrong company or person behind an assumed name has consequences. In *Continental Southern Lines, Inc. v. Hilland*, the plaintiff was injured while getting off a "Continental Trailways" bus. 528 S.W.2d 828, 829 (Tex. 1975). At the time, rule 28 did not allow corporations to sue or be sued in their assumed names. *Id.* at 830. Within the limitations period, the plaintiff sued "Continental Trailways, Inc." *Id.* at 829. Unfortunately for the plaintiff, she sued the wrong corporation; the correct entity was "Continental Southern Lines, Inc.," and by the time the plaintiff had discovered her error and amended her petition, limitations had run. *Id.* The supreme court thus reversed the judgment that the plaintiff had procured against Continental Southern Lines, Inc. *Id.* at 830.

But the supreme court did not reverse and render; instead, it remanding to have the trial court determine whether the correct defendant "was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit." *Id.* at 831. If the trial court so found, the limitations period would not bar the plaintiff's suit against the correct company behind the assumed name, Continental Southern Lines, Inc. *See id.*

Here, of course, Perkins never amended to sue Sunshine Sunrooms, Inc.; neither does the record show whether that corporation was "cognizant of the facts" and was "not misled" by Perkins's having sued Hicks.

13

**I. Conclusion**

Based on the state of the record, we hold that the trial court properly granted summary judgment on Perkins's breach-of-contract claim because Hicks was not the party with whom she had contracted.

**Breach of Warranties**

"The elements of a claim for breach of warranty for services are (1) the defendant sold services to the plaintiff; (2) the defendant made a representation to the plaintiff about the characteristics of the services by affirmation of fact, by promise, or by description; (3) the representation became part of the basis of the bargain; (4) the defendant breached the warranty; (5) the plaintiff notified the defendant of the breach; and (6) the plaintiff suffered injury." *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 886 (Tex. App.—Dallas 2007, no pet.).

For the same reason that the trial court properly granted summary judgment on Perkins's breach-of-contract claim, the trial court properly granted summary judgment on her breach-of-warranties claim: Perkins sued the wrong party. Hicks individually did not sell Perkins any services. *See id.*

**Negligence**

Unlike with the breach-of-contract and breach-of-warranties claims, Hicks did not seek summary judgment on Perkins's negligence claim because she had sued the wrong party but rather because her negligence claim was ostensibly barred by the two-year limitations period. *See* Tex. Civ. Prac. & Rem. Code Ann.

14

§ 16.003 (West 2017). Because work ceased on November 4, 2013, Hicks argued that limitations ran on November 4, 2015, but Perkins did not file her petition until November 28, 2016.

On appeal, Hicks admits—and the record confirms—that Perkins filed her original petition on October 16, 2015, which is within the two-year limitations period. The trial court thus erred by granting summary judgment on Perkins's negligence claim on that basis.

But on appeal, Hicks contends for the first time that the summary judgment was nevertheless proper because Perkins did not exercise due diligence to serve him with the lawsuit. The supreme court has held that "a summary judgment cannot be affirmed on grounds not expressly set out in the motion or response." *Stiles v. Resolution Tr. Corp.*, 867 S.W.2d 24, 26 (Tex. 1993); *see Henkel v. Norman*, 441 S.W.3d 249, 251 n.1 (Tex. 2014). Because Hicks did not move for summary judgment on this basis, we may not use it to affirm the summary judgment. *See Henkel*, 441 S.W.3d at 251 n.1, *Stiles*, 867 S.W.2d at 26.

**Conclusion**

We affirm the trial court's summary judgment on Perkins's breach-of-contract and breach-of-warranties claims. We reverse the trial court's summary judgment on Perkins's negligence claim and remand that cause of action to the trial court for further proceedings.[7]

---

[7]We express no opinion about whether, on remand, Perkins can amend her petition to include Sunshine Sunrooms, Inc.

15

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  WALKER, KERR, and BIRDWELL, JJ.

DELIVERED:  August 16, 2018